## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI**,<br><br>       Debtor.<br><br>――――――――――――――――――<br><br>**THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**JENISEE LONG, DUDLEY LAW, LLC, THE LAW OFFICE OF ASTRID E. GABBE, P.C.**<br><br>       **Defendants.** | **CHAPTER 11**<br><br>**CASE NO.  22-50035-JPS**<br><br><br>**ADV. PROC. NO. 23-_____** |

### COMPLAINT FOR INTERPLEADER AND TO
### DETERMINE INTEREST IN PROPERTY

Thomas T. McClendon ("Plaintiff" or "Liquidating Trustee"), for his *Complaint for Interpleader and to Determine Interest in Property*, states and alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Middle District of Georgia's Amended Standing Order of Reference filed February 21, 2012, as well as 28 U.S.C. § 1335.  The Court further retained jurisdiction under Section 9.1(m) of the confirmed Plan of Reorganization (Doc. No. 401) to "determine all maters regarding or related to administration of the Galardi Creditors Trust."

2.     This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (K) and (O).

3.     Venue in this district is proper under 28 U.S.C. § 1409(a).

4.     Plaintiff is Liquidating Trustee for the Galardi Creditor Trust and is a resident of the State of Georgia.

5.     Defendant Jenisee Long is a resident of the State of Kentucky.  Defendant Long resides at 2107 Center Street, Covington, Kentucky 41014.

6.     Defendant Dudley Law, LLC is a Georgia limited liability company with its principal place of business at 4200 Northside Parkway, Building 1, Suite 200, Atlanta, Georgia 30327.

7.     Defendant The Law Office of Astrid E. Gabbe, P.C. is a Florida corporation with its principal place of business at 6531 Grant Court, Hollywood, Florida 33024.

8.     Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court.

## FACTUAL BACKGROUND

9.     On January 12, 2022 (the "Petition Date"), Teri G. Galardi ("Ms. Galardi" or "Debtor") filed a petition seeking relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

10.     On March 23, 2022, Defendant Long filed her Proof of Claim No. 115 in the Debtor's Bankruptcy Case (Case No. 22-50035; POC No. 115).  (*See* **Exhibit 1** attached hereto). In her Proof of Claim, Defendant Long lists an unsecured claim of $383,382.96.  *Id*. at 2.

11.     On April 28, 2022 a Committee of Unsecured Creditors (the "Committee") was appointed.  Doc. No. 99.

12.     The Committee and Debtor filed an *Amended Joint Chapter 11 Plan of Reorganization* (the "Plan") which proposed to make payments of cash and property into a liquidating trust (the "Liquidating Trust") for the benefit of unsecured creditors.  Doc. No. 401 (as amended).

13.     The Plan was approved on April 14, 2023.  Doc. No. 410.

14.     In the Order approving the Plan, the Court appointed Plaintiff as trustee of the Liquidating Trust.  *Id*. at 7.

15.     Defendant Long's claim relates to an arbitration (*Jenisee Long v. Teri Galardi*, AAA Arbitration Case No. 01-20-0005-4237) where Plaintiff understands Defendant Long was represented by Ainsworth Dudley and Astrid Gabbe.

16.     On July 19, 2023, Plaintiff sent a letter to Defendant Long regarding the initial distribution for her claim from the Liquidating Trust (the "Letter"). Trustee stated that the distribution on the claim totaled $79,722 (the "Distribution").

17.     In the Letter, Plaintiff stated his understanding that Defendant Long had been represented by Ainsworth Dudley and Astrid Gabbe in the arbitration and that Defendant Long terminated their representation on March 17, 2022.

18.     Plaintiff has been informed by both attorneys that they assert a claim on any distributions made to Defendant Long based on this representation.

19.     Specifically, Plaintiff has been informed by Ainsworth Dudley that his law firm asserts a claim for $31,850 for attorney fees and expenses. An invoice detailing Mr. Dudley's services was enclosed with the Letter. A true and correct copy of Mr. Dudley's email to Plaintiff regarding his claim is attached hereto as **Exhibit 2**.

20.     Specifically, Plaintiff has been informed by Astrid Gabbe that her law firm asserts a claim for a 35% contingency fee, which includes the hourly fees asserted by Mr. Dudley. A true and correct copy of Ms. Gabbe's email to Plaintiff regarding her claim is attached as **Exhibit 3**.

21.     In the Letter, Plaintiff proposed the following distributions: $26,035 to Defendant Long, and a one-time payment[1] of $53,737 to Defendants Dudley Law, LLC and The Law Office of Astrid E. Gabbe, P.C.

22.     On July 21, 2023, Defendant Long responded to the Letter by an email to Plaintiff firm.  A true and correct copy of such email is attached as **Exhibit 4**.

23.     In the email, Defendant Long states that she "did not agree to pay anything out of my claim . . . ."

24.     Plaintiff is faced with competing, unresolved demands on the Distribution and therefore brings this action.

## COUNT I
## INTERPLEADER

25.     Plaintiff restates and realleges the prior paragraphs of this Complaint.

26.     Plaintiff brings this count pursuant to Federal Rule of Bankruptcy Procedure 7022 and 28 U.S.C. § 1335.

27.     Defendant Long demands that Plaintiff pay her full amount of the Distribution.  *See* Exhibit 4.

28.     Defendants Gabbe and Dudley demand that Plaintiff pay them their claimed attorney's fees. *See* Exhibits 2 and 3.

29.     Plaintiff is exposed to multiple liability due to Defendants' competing claims.

---

[1] Further distributions would be released to Ms. Long without payment to attorneys.

30.     Plaintiff requests an order authorizing him to deposit the Distribution into the registry of this Court.

31.     Plaintiff requests that the Court award his costs and reasonable attorney's fees from the Distribution in presenting this action.

32.     Plaintiff seeks to be discharged from this Adversary Proceeding and relieved of any further liability as to these claims.

**COUNT II**
**DETERMINE INTEREST IN PROPERTY**

33.     Plaintiff adopts and reincorporates the allegations in the prior paragraphs of the Compliant as if fully set forth herein.

34.     Upon information and belief, each of the Defendants asserts a claim against the Distribution.

35.     Federal Rule of Bankruptcy Procedure 700(1)(2) provides for an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property."

36.     Plaintiff requests the Court make a determination as to the validity, priority, or extent of each Defendants' claims to the Distribution.

**REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

(a)     Enter judgment granting Plaintiff's interpleader action;

(b)     Discharge Plaintiff from this adversary proceeding and relieve him of any further liability as to these claims;

(c)      Enter judgment determining the validity, priority, or extent of the Defendants' claims against the Distribution;

(d)     Award Plaintiff his expenses of this litigation, including reasonable attorney's fees,

against the Defendants;

(e)     Award all costs against the Defendants; and

(f)     Grant such other relief as the Court determines to be appropriate.

Respectfully submitted this 28th day of July, 2023.

**JONES & WALDEN LLC**

_/s/ Thomas T. McClendon_
Thomas T. McClendon
Georgia Bar No. 431452
Liquidating Trustee
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
404-564-9300
tmcclendon@joneswalden.com

# Exhibit 1

<table>
<tr><td colspan="2">

**Fill in this information to identify the case:**

Debtor 1  Teri Galardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Middle District of Georgia**

Case number:  **22-50035**
</td><td>

FILED

**U.S. Bankruptcy Court**
**Middle District of Georgia**

3/23/2022

**Kyle George, Clerk**
</td></tr>
</table>

Official Form 410

## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Jenisee Long

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Jenisee Long | |
| Name | Name |
| 2107 Center Street<br>Covington, KY 41014 | |
| Contact phone      513-551-9825 | Contact phone |
| Contact email      longjenisee@gmail.com | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☑ Yes. Who made the earlier filing?   Astrid Gabbe claim #104 I fired her and she still filed the claim when she said she wouldn't

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| **7. How much is the claim?** | $ 383832.96     **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>did not pay minimum wages at KOD and liquidated damages– former attorney would not give me my documents |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>  **Nature of property:**<br>  ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>  ☐ Motor vehicle<br>  ☐ Other. Describe: _____<br><br>  **Basis for perfection:** _____<br><br>  Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>  **Value of property:** $ _____<br>  **Amount of the claim that is secured:** $ _____<br>  **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>  **Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>  **Annual Interest Rate** (when case was filed) _____ %<br>  ☐ Fixed<br>  ☐ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410       Proof of Claim       page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
|---|---|---|
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    3/23/2022
                    _____
                    MM / DD / YYYY

/s/  Jenisee Long
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Jenisee Long |
|---|---|
| | First name    Middle name    Last name |
| Title | |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | |
| | Number   Street |
| | , |
| | City   State   ZIP Code |
| Contact phone | Email |

# THE RICHARDS LAW GROUP, LLC

P.O. Box 360295
Decatur, Georgia 30036
www.RichardsLegal.com
Office: 404.289.6816
Fax: 404.795.0727

July 30, 2019

By E-Mail and USPS Certified Mail
Fly Low, Inc
MBJG Corp, Inc.
LVA Management and Consulting, Inc.
Teri L. Galardi

c/o Dean R. Fuchs, Esq.
Schulten, Ward, Turner & Weiss, LLP
260 Peachtree Street N.W.
Atlanta, Ga., 30303

Re:     **Pre-Suit Notice: Jenisse Long v. Fly Low, Inc.** *Et al* 1 **Pursuant to Florida Code §448.110**

Dear Dean:

I write to you as attorney for the above referenced entities and individuals pursuant to Florida Code Ann. §448.110(6)(a).

The purpose of my letter is to advise you of certain legal claims which my client intends to initiate against her "employers" (i.e, the entities and persons identified above) under the Florida Minimum Wage Act, Florida Code Ann. §448.110 ("FMWA"). Specifically, Ms. Long claims that her employers committed willful violations of the Act by failing to pay her minimum wages required under the FMWA, and by extracting unlawful kickbacks.

Ms. Long was employed as a Dancer-Entertainer at the King ff Diamonds from 2012 until 2018. She possesses no time records documenting the dates/times that she worked and can therefore offer only an approximation concerning the number of hours and shifts she worked. We currently estimate that she worked an average of six shifts and 32 hours per week. She was also required to pay to or on behalf of the Club "house fees" of between an average of $125 per shift, plus an additional 10% of the amounts she earned during each shift (average of $50 per shift) She was also required to "tip-out" Club personnel such as the Housemom, Security, and DJ (average of $50 per shift).

Ms. Long was an un-named class member in the case of Espinoza et al v. Galardi et al, No. 1:14-cv-21244 (N.D. Fl), in which FMWA claims are being pressed as a Rule 23 class action. Espinoza was filed on April 8, 2014. Her FMWA claims, therefore, have been "tolled" since that time. Willful violations of the FMWA are subject to a five-year statute of limitations. Based on materials that have been previously provided to me in the matter of Geter et. al v

*Attorneys licensed in Georgia and Maryland*

Galardi South Inc et al., Ms. Long agreed to arbitrate her claims under the AAA Employmemt Rules that your clients drafted. We will be filing a demand for arbitration within thirty (30) days of receipt of this notice.

**2012**
48 weeks x 7.67 /hr 6 days a week at 8 hours per shift
Regular hours 2304 x 7.67/hr= $17,671.68.
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=288 x 200= $57,600

**2013**
48 weeks x 7.79/hr 6 days a week at 8 hours per shift
Regular hours-2304 x 7.79=$17,948.16
Fees 48 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)= 288 x200=$57,600

**2014**
26 weeks x 7.93/hr 6 days a week at 8 hours per shift
Regular hours 1248 x 7.93/hr=9,896.64
Fees- 26 weeks x 6 shifts/wk ($50 house fee, $100 10%, $50 housemom, dj security)=156 shifts x 200= $31,200

**TOTAL WAGES: $45,516.48**

**TOTAL DAMAGES: $191,916.48**

Obviously, this figure does not take into account your clients' potential liability for liquidated damages and attorney's fees.

Pursuant to §448.110, your clients are entitled to 15 calendar days in which to resolve this matter by agreement. Should they fail to do so, Ms. Long will initiate the appropriate legal proceedings.

Very Truly Yours,

THE RICHARDS LAW GROUP, LLC

By:/s/Mutepe Akemon_____
Mutepe Akemon

From: **Astrid E. Gabbe** <astridgabbe@aol.com>
Date: Sun, Mar 13, 2022 at 7:52 PM
Subject: Re:
To: <longjenisee@gmail.com>


Ms Long,

Please be advised that there are three deadlines in the bankruptcy case.

Neither I nor Mr. Dudley will file anything for you.

1. File proof of claim  March 23, 2022
2. Objection to discharge April 1, 2022
3. Objection to subchapter 5 March 18, 2022

Please have your attorney contact me and we will send you this individual all information needed.

Sincerely,,

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882

This message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this e-mail message and are not the intended recipient, please contact the sender (by phone or reply e-mail )and destroy all copies of the original message. Sent from AOL Desktop


In a message dated 3/13/2022 10:39:40 AM Eastern Standard Time,
longjenisee@gmail.com  writes:

> Ms Gabbe I need my client file to give to another lawyer.  Please send it to me by email as soon as possible. and how much do I owe out of my settlement to your law firm?



From: **Ainsworth Dudley** <adudleylaw@gmail.com>
Date: Fri, Mar 18, 2022 at 9:06 AM
Subject: Re:
To: jenisee long <longjenisee@gmail.com>


Ms. Long:

I received your termination letter, and will take no further action
on your case. As I have indicated to you earlier, you are
personally responsible for filing your proof of claim with the
bankruptcy court by the deadline. If you miss the deadline, your
claim will be barred.

If you need to speak with Ms. Gabbe, direct communications to
her not me.

No one has filed any "false claims" on behalf of anyone.

Thank you.

**Ainsworth G. Dudley**
**4200 Northside Parkway**
**Building 1, Suite 200**
**Atlanta, GA 30327**
**404.687.8205**

On Thu, Mar 17, 2022 at 4:07 PM jenisee long <longjenisee@gmail.com> wrote:

Hey I'm just clarifying that you (Astrid )and Dubley  are fired and no longer on my case . I heard you guys are filing false Claims against the other clients , if I find out anything is being claimed under my name I will pursue legal actions between you and Dubley .

From: **jenisee long** <longjenisee@gmail.com>
Date: Tue, Mar 22, 2022 at 1:19 PM
Subject:
To:  <astridgabbe@aol.com>


why would you file my bankruptcy papers as my attorney when I fired you ?

Exhibit 2

| | |
|---|---|
| **From:** | Ainsworth Dudley <adudleylaw@gmail.com> |
| **Sent:** | Friday, April 28, 2023 9:04 AM |
| **To:** | Tom McClendon |
| **Cc:** | Leon Jones |
| **Subject:** | Dudley liens |
| **Attachments:** | King v Galardi Bill 1.pdf; King v Galardi Bill 2.pdf; Long v Galardi - Bill 1.pdf; Milner v Galardi Bill 1.pdf; Charging lien Alexis King.pdf; Lien - brewer thompson and mays.pdf |

Tom:

In accordance with your email, this email serves as our notice that Dudley Law, LLC has liens on claims of the Galardi creditors in the following amounts:

1. Alexis King: $34,000. We attach the Notice of Lien and itemized statement of our services in support of this lien.

2. Jenissee Long: $31,850. We attach our itemized statement of services. This case was in arbitration and is pending.

3. Ameera Brewer, Tiffany Thompson and Rasheeda Mays: $85,250. We attach the notice of lien and the statement of services.

These lien amounts are my fees only and do not include Gabbe's portion. Let me know if you need anything else. Thanks.


**Ainsworth G. Dudley**
**4200 Northside Parkway**
**Building 1, Suite 200**
**Atlanta, GA 30327**
**404.687.8205**

# Exhibit 3

**From:**          Astrid Gabbe <astridgabbe@gmail.com> on behalf of Astrid Gabbe
**Sent:**          Friday, July 7, 2023 1:35 PM
**To:**            Tom McClendon
**Subject:**       Re: Jenisee Long Claim

Hi Tom,

I did not file a lien because it was an arbitration case and thus I could not file a lien.  That being said, I am entitled to a contingency fee in Long of 35%.


Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com



On Thu, Jul 6, 2023 at 10:57 AM Tom McClendon <tmcclendon@joneswalden.com> wrote:

> Astrid,
>
>
> You filed a claim (105) that asserted a claim in Jenisee Long. However, I do not have a claim of lien for you on this file. I do have one for Ainsworth. Can you please confirm (or not) that you are not making a claim of lien against payments on this claim?
>
>
> Best,
>
> Tom
>
>
>
>
> Thomas T. McClendon, Esq.
>
> Partner
>
> Jones & Walden, LLC
>
> 699 Piedmont Ave, NE | Atlanta, GA 30308

1

(P) 404-564-9300 | (F) 404-564-9301 | tmcclendon@joneswalden.com

NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

# Exhibit 4

| | |
|---|---|
| **From:** | jenisee long <longjenisee@gmail.com> on behalf of jenisee long |
| **Sent:** | Friday, July 21, 2023 10:56 AM |
| **To:** | Astrid Gabbe |
| **Cc:** | Tom McClendon; adudleylaw@gmail.com; bdernus@joneswalden.com |
| **Subject:** | Re: Distribution Letter |

Hi: I do not agree to pay anything out of my claim so send the check to the address you have today thank you , I also sent over my w9 and id that you asked for

On Wed, Jul 19, 2023 at 5:31 PM Astrid Gabbe <astridgabbe@gmail.com> wrote:

Mr. McClendon,

I agree with the distribution letter.

Sincerely,

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

On Wed, Jul 19, 2023 at 4:35 PM <bdernus@joneswalden.com> wrote:

Ms. Long:

On behalf of Tom McClendon, please find the attached distribution letter for the Galardi bankruptcy case.

Best,

Blake Dernus

*Paralegal* | Jones & Walden, LLC

699 Piedmont Avenue NE | Atlanta, Georgia 30308

Tel: 404-564-9300 | Fax: 404-564-9301

bdernus@joneswalden.com | www.joneswalden.com

NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.