# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI**,<br><br>    Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-JPS** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,**<br><br>    Plaintiff,<br>v.<br><br>**JENISEE LONG, DUDLEY LAW, LLC, AND THE LAW OFFICE OF ASTRID E. GABBE, P.C.**<br><br>    Defendants. | **ADV. PROC. NO. 23-05017-JPS** |

## NOTICE OF HEARING

Thomas T. McClendon, as the Liquidating Trustee of the Galardi Creditor Trust (the "Trustee"), filed a *Motion to (A) Deposit Funds into Registry of Court; (B) Dismiss Plaintiff; and (C) Award Attorneys' Fees and Costs* (the "Motion") with the Court on August 24, 2023.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the Motion may be obtained upon written request to the Trustee or at the Clerk's office.**

If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views on the Motion, then you or your attorney shall file with the court a written response to the objection on or before **September 13, 2023**. If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

Clerk, U.S. Bankruptcy Court
Middle District of Georgia
P.O. Box. 1957
Macon, Georgia 31202
478-752-3506

**If a response is filed, a hearing on the Motion shall be held on September 25, 2023, at 2:30 p.m. at the U.S. Bankruptcy Court, Macon Courthouse, Courtroom A, 433 Cherry Street, GA 31201.** Parties may attend the hearing telephonically at the following number: 1-877-336-1839, access code: 7930011.

Parties should consult the Court's website (www.gamb.uscourts.gov) concerning whether the hearing will be in-person, telephonic, or virtual. Please refer to Administrative Order 145 for more guidance.

If you mail your response to the Court for filing, you shall send it early enough so that the court will **receive** the response on or before the response date stated above.

Any response shall also be served on the Liquidating Trustee.

**If you or your attorney does not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1.

This 24th day of August, 2023.

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
Liquidating Trustee
Jones & Walden LLC
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
404-564-9300
tmcclendon@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| IN RE: <br><br> **TERI G. GALARDI**, <br><br> Debtor. | CHAPTER 11 <br><br> CASE NO. 22-50035-JPS |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,** <br><br> Plaintiff, <br> v. <br><br> **JENISEE LONG, DUDLEY LAW, LLC, AND THE LAW OFFICE OF ASTRID E. GABBE, P.C.** <br><br> Defendants. | ADV. PROC. NO. 23-05017-JPS |

**PLAINTIFF'S MOTION (A) TO DEPOSIT FUNDS INTO REGISTRY OF COURT; (B) DISMISS PLAINTIFF; AND (C) AWARD ATTORNEYS' FEES AND COSTS**

COMES NOW Thomas T. McClendon, as the Liquidating Trustee of the Galardi Creditor Trust ("Plaintiff" or "Liquidating Trustee") and files this *Motion to (A) Deposit Funds into Registry of Court; (B) Dismiss Plaintiff; and (C) Award Attorneys' Fees and Costs* (the "Motion"). In support of the Motion, Plaintiff shows the Court as follows:

**BACKGROUND**

1. On July 28, 2023, Plaintiff filed his *Complaint for Interpleader and to Determine Interest in Property* (Doc. No. 1) ("Complaint"). In the Complaint, Plaintiff seeks to initiate an interpleader action under Federal Rule of Bankruptcy Procedure 7022(a)(1) (the "Bankruptcy Rule") and 28 U.S.C. § 1335 as well as a determination of interest in property under Bankruptcy Rule 7001(2).

2. Plaintiff holds certain funds in the amount of $79,722.00 ("Funds"), in which Defendants Jenisee Long, Dudley Law, LLC, and The Law Office of Astrid E. Gabbe, P.C. (collectively, "Interpleader Defendants"), claim a competing interest. Plaintiff claims no interests in the Funds. Plaintiff faces multiple and competing claims for the Funds by the Interpleader Defendants. Plaintiff does not take a position who is entitled to the Funds in his possession and now seeks to deposit them into the Court registry so that the Court in the related, pending adversary proceeding may determine the proper owner(s) and distribution(s).

3. The property at issue is $79,722.00, representing the first distribution on Proof of Claim 115 from the Galardi Creditor Trust (the "Distribution").

4. As detailed in the Complaint, Interpleader Defendants have competing claims against the Distribution. Defendant Long demands that Plaintiff pay the full amount of the Distribution. Defendants Dudley and Gabbe demand that Plaintiff pay them their claimed attorney's fees.

5. Liquidating Trustee claims no interest in the Funds, is a mere stakeholder, and is not the cause of the conflicting claims between the Interpleader Defendants.

6. Liquidating Trustee takes no position as to who is entitled to the Funds and cannot determine which of the Interpleader Defendants are entitled to the Funds.

7. The conflicting claims of the Interpleader Defendants raise questions of fact and law that cannot otherwise be resolved without exposing Liquidating Trustee to conflicting liabilities.

8. Liquidating Trustee is ready, willing, and able to pay the Funds to the person or persons found to be entitled thereto and is prepared to pay the Funds at issue into the Registry of this Court, or as the Court otherwise directs.

9. By reason of the actual and potential adverse and conflicting claims of the Interpleader Defendants, Liquidating Trustee is, or may be, exposed to double or multiple liability if Liquidating Trustee decides between such claims.

10. The sole purpose of Liquidating Trustee's Complaint in Interpleader is to allow Liquidating Trustee to appear and interplead these disputed Funds within the Registry of the Court and to allow the Court in this Adversary Proceeding to determine ownership and disbursement of the Funds.

11. Liquidating Trustee does not seek this interpleader action for delay but to avoid multiple liabilities, unnecessary suits, and incidental costs.

12. Accordingly, Liquidating Trustee desires to interplead and deposit the Funds into the Court's registry.

## MEMORANDUM OF LAW

13. "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 Fed. Appx. 244, 248 (11th Cir. 2009) (internal citations omitted).

14. "Interpleader proceeds in two stages. At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Id.*

15. In the first stage, the Court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to the fund. *See Orseck, P.A. v. Servicios Legales de Meso America S.*

*De. R.L.*, 699 F. Supp.2d 1344, 1349 (S.D. Fla. 2010). "District courts addressing the first phase of an interpleader action may also determine if the stakeholder is disinterested—i.e., makes no claim to the res—and, if so, discharge it from liability and dismiss it from the action." *Id.* "In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986).

16. Here, there is no dispute that there are competing claims between Interpleader Defendants to the Funds of the Creditor Trust, and that Liquidating Trustee claims no interest in the Funds. Because the requirements of interpleader are met, this Court should permit Liquidating Trustee to immediately deposit Funds in the Court registry to establish jurisdiction under Federal Rule of Bankruptcy Procedure 7022 and 28 U.S.C. § 1335.

WHEREFORE, Plaintiff, Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust, respectfully requests the Court enter an Order: (a) permitting Liquidating Trustee to pay the disputed Funds into the Court registry in the amount of $79,722.00; (b) dismissing Liquidating Trustee from this action upon depositing the disputed Funds into the Court registry; (c) awarding the Liquidating Trustee the attorneys' fees and costs incurred in bringing this action; and (d) awarding such other and further relief as this Court finds to be just and proper.

**REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

(a)　Enter judgment granting Plaintiff's interpleader action;

(b)　Discharge Plaintiff from this adversary proceeding and relieve him of any further liability as to these claims to the disputed Funds;

(c)　 Enter judgment determining the validity, priority, or extent of the Interpleader

        Defendants' claims against the distributions;

(d)    Award Plaintiff his expenses of this litigation, including reasonable attorney's fees, from the disputed Funds;

(e)    Award all costs against the Interpleader Defendants; and

(f)    Grant such other relief as the Court determines to be appropriate.

Respectfully submitted this 24th day of August, 2023.

                                                      */s/ Thomas T. McClendon*
                                                      Thomas T. McClendon
                                                      Georgia Bar No. 431452
                                                      Liquidating Trustee
                                                      Jones & Walden LLC
                                                      699 Piedmont Avenue, NE
                                                      Atlanta, Georgia 30308
                                                      404-564-9300
                                                      tmcclendon@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI**,<br><br>　　Debtor.<br><br>―――――――――――――――――<br><br>**THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,**<br><br>　　Plaintiff,<br>v.<br><br>**JENISEE LONG, DUDLEY LAW, LLC, AND THE LAW OFFICE OF ASTRID E. GABBE, P.C.**<br><br>　　Defendants. | CHAPTER 11<br><br>CASE NO. 22-50035-JPS<br><br><br><br>ADV. PROC. NO. 23-05017-JPS |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I caused a true and correct copy of the foregoing *Plaintiff's Motion to (A) Deposit Funds into Registry of Court; (B) Dismiss Plaintiff; and (C) Award Attorneys' Fees and Costs* to be served on the following parties via U.S. First Class Mail by placing a copy of same in a properly addressed envelope with adequate postage affixed thereon:

Jenisee Long
2107 Center Street
Covington, KY 41014

Dudley Law, LLC
4200 Northside Parkway
Building One, Suite 200
Atlanta, GA 30327

The Law Office of Astrid E. Gabbe, P.C.
P.O. Box 4216
Hollywood, FL 33083

The Law Office of Astrid E. Gabbe, P.C.
6531 Grant Court
Hollywood, FL 33024

This 24th day of August, 2023.

*/s/ Thomas T. McClendon*
Thomas T. McClendon, Georgia Bar No. 431452
Liquidating Trustee
699 Piedmont Avenue, NE, Atlanta, Georgia 30308
404-564-9300 | tmcclendon@joneswalden.com