**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

IN RE:

**TERI GALARDI,**

    **Debtor.**
_____/

**THOMAS T. McCLENDON,** as Liquidating Trustee of the Galardi Creditor Trust,

                                                                                 **CHAPTER 11**
                                                                                 **CASE NO. 22-50035-JPS**
                                                                                 **ADV. PROC. 23-05017-JPS**

    **Plaintiff,**

v.

**JENISEE LONG, LAW OFFICE OF ASTRID GABBE, P.C.,** and **DUDLEY LAW, LLC,**

    **Defendants.**
_____/

**DUDLEY LAW, LLC,**

    Cross-Claimant,

v.

**JENISEE LONG,**

    Cross-Defendant.

_____/

**ANSWER TO COMPLAINT FOR INTERPLEADER AND TO DETERMINE INTEREST IN PROPERTY OF DUDLEY LAW LLC AND CROSS-CLAIMS AGAINST JENISEE LONG**

1

Defendant in interpleader Dudley Law, LLC ("Dudley Law" or "Defendant") filed this Answer to the Complaint for Interpleader and to Determine Interest in Property ("Complaint") and Cross-Claim against Jenisee Long ("Cross-Claim") for quantum meruit attorneys' fees and enforcement of lien for attorneys' fees as follows:

### I. ANSWER TO COMPLAINT FOR INTERPLEADER

Dudley Law files its Answer to the Complaint for Interpleader and to Determine Interest in Property ("Complaint") as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

6. Admitted.

7. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

8. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

17. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

18. Admitted.

19. Admitted.

20. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

21. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

22. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

23. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

24. Admitted.

25. Defendants restates and realleges his prior responses to those paragraphs.

26. Admitted.

27. Defendant lacks sufficient information and belief as to the allegations of this Paragraph, and, thus, the same stands denied.

28. Defendant admits that he incurred fees and has demanded payment of the fees, and Defendant Long refuses to pay the fees. Defendant lacks sufficient information and belief as to the allegations related to Gabbe, and, thus, the same stands denied.

29. Admitted.

30. Admitted.

31. Admitted, but denies that fees are owed by this Defendant.

32. Admitted.

33. Defendants restates and realleges his prior responses to those paragraphs.

34. Admitted

35. Admitted.

36. Admitted.

37. All allegations not specifically admitted are denied.

WHEREFORE, Defendant requests the following relief: (a) that this Court enter an order directing Plaintiff to interplead the funds; (b) to apportion the claims and determine the amount of the attorney liens and claims; (c) award Dudley Law its attorneys' fees and costs; and (d) grant such other and further relief as this Court deems just and fair.

## II.     CROSS-CLAIMS AGAINST JENISEE LONG

Defendant in interpleader and Cross-Claimant Dudley Law, LLC ("Dudley Law" or "Cross-Claimant") files its Cross-Claims against Jenisee Long ("Long") as follows:

1. Long is subject to the jurisdiction of this Court by virtue of this adversary proceeding, this bankruptcy proceeding under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1335, and the confirmed Plan of Reorganization.

2. Dudley Law represented Long with respect to a claim for violation of the Florida Minimum Wage Act ("FMWA") and Article X of the Florida Constitution ("Article X") filed against the Debtor with the American Arbitration Association, Case No. 01-20-0005-4237 in Florida in 2020.

3. The arbitration proceeding was stayed when the Debtor filed her bankruptcy petition on January 12, 2022.

4. Long filed a proof of claim in the amount of $383,382.96 based on her Florida claims for violation of the FMWA and Article X.

5. According to the Liquidating Trustee, Long has recovered the sum of $79,722 based on her claims for violation of the FMWA and Article X, pursuant to the Chapter 11 Plan, which is being held by the Liquidating Trustee.

## COUNT I – QUANTUM MERUIT

6. Dudley Law performed valuable services on behalf of Long in the AAA arbitration proceeding in Florida from February 1, 2021 through March 29, 2022, to which he is entitled to be paid under Florida law.

7. Long acquiesced in the provision of these services.

8. Long was aware that Dudley Law expected to be compensated for these services.

9. Long was unjustly enriched by the provision of the services.

10. Dudley Law is entitled to recover the reasonable value of the services provided to Long under Florida law.

11. The reasonable value of the services are at least $31,850 and will be proven at trial.

12. Long has refused to pay any attorneys' fees to Dudley Law for the services rendered to her in Florida.

5

13. Long lacks any factual or legal basis to refuse to pay Dudley Law the reasonable value of services performed on behalf of Long.

14. Long has acted in bad faith in refusing to pay any attorneys' fees incurred by her attorneys.

15. Dudley Law is entitled to recover attorneys' fees incurred in litigating its entitlement to the quantum meruit fees asserted in this case under Florida law.

## COUNT 11 – ACTION TO ENFORCE/FORECLOSE LIEN

16. Long and Dudley Law entered into an implied agreement for the provision of services for Long by Dudley Law.

17. Long recovered the sum of $79,722 based on her claims under the FMWA and Article X.

18. Long refuses to pay for any of the services rendered by Dudley Law related to her FMWA/Article X claims.

19. Long was provided notice of Dudley Law's lien on the proceeds of Long's recovery.

20. Dudley Law is entitled to enforce its lien in the amount of at least $31,850.

WHEREFORE, Dudley Law respectfully requests that this Court (a) enter judgment against Long in the amount of at least $31,850, (b) award reasonable attorneys' fees litigating its entitlement to quantum meruit fees, (c) enter an order foreclosing on the lien and disbursing the sum of at least $31,850 to Dudley Law;  and (d) any other relief this Court deems just and appropriate.

Dated this 5th day of September, 2023.

Respectfully submitted,
DUDLEY LAW LLC

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
2400 Northside Parkway, 1 – 200
Atlanta, GA 30327
(404) 687-8205

6

adudleylaw@gmail.com

*Attorney for Defendant/Cross-Claimant Dudley Law, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of September, 2023, a true and correct copy of the foregoing was electronically filed and all parties have been served via email and U.S mail to each party and/or their counsel.

Respectfully submitted,
DUDLEY LAW LLC

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
2400 Northside Parkway, 1 – 200
Atlanta, GA 30327
(404) 687-8205
adudleylaw@gmail.com

*Attorney for Defendant/Cross-Claimant Dudley Law LLC*