FILED
U.S. Bankruptcy Court
SEP 18 2023
Middle District of Georgia

IN THE UNITED STATES BANKRUPTCY
COURT MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>　　Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-JPS |
| THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,<br><br>　　Plaintiff,<br><br>v.<br><br>JENISEE LONG, DUDLEY LAW, LLC, THE LAW OFFICE OF ASTRID E. GABBE, P.C.<br><br>　　Defendants. | ADV. PROC. NO. 23-05017-JPS |

### JENISEE LONG'S RESPONSE IN OPPOSITION TO
### TRUSTEE'S MOTION TO DEPOSIT FUNDS INTO THE COURT REGISTRY (DOC 9)

**NOW COMES** DEFENDANT JENISEE LONG ("LONG") and files response in opposition to Plaintiff's ("TRUSTEE") Motion to Deposit Funds into the Court Registry (the "Motion") showing the Court as follows:

### BACKGROUND

TRUSTEE should be required to immediately send the non-disputed portion of LONG'S beneficial interest. Ms. Gabbe and Mr. Dudley claim they are owed $53,737 from representation of LONG in other cases (Ms. Gabbe in the Darden Case and Mr. Dudley in a Florida arbitration case), that would leave $26,035 that should have already been sent to LONG.

Since the time LONG'S motion to dismiss (Doc 10) was filed Ms. Gabbe and presumably Mr. Dudley as her co-counsel, filed an objection to the claim No. 115 ("Long Claim") (Objection @ Doc 544). At this time LONG is a party to the arbitration case that is stayed, the Southern District Court of Florida Darden case that is also stayed, this interpleader action and now the new contested action. This is the 2nd contested matter filed relating to the Long Claim. TRUSTEE objected to Ms. Gabbe's claim No. 105 that she said represented her 35% interest in the Long Claim (Objection @ Doc 430). The Court sustained the objection (Doc 464). The interpleader is subject to dismissal because the 35% contingency fee issue has already been litigated and decided adversely to Ms. Gabbe and Mr. Dudley. TRUSTEE'S motion to deposit funds should be denied for this reason and the following stated below.

### a. **TRUSTEE DID NOT FILE AN INTERPLEADER PURSUANT TO 28 U.S.C. § 1335.**

TRUSTEE alleges in ¶ 26 "[P]laintiff brings this count pursuant to Federal Rule of Bankruptcy Procedure 7022 and 28 U.S.C. § 1335." The statute clearly says the district court shall have jurisdiction only if three conditions are satisfied at the time of filing the action.

> **28 U.S. Code § 1335 - Interpleader**
> **(a)The district courts shall have original jurisdiction of any civil action of interpleader** or in the nature of interpleader filed by any person, firm, or corporation, association, or society **having in his or its custody or possession money or property of the value of $500 or more**, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, **if**
>
> **(1)Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property**, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; **and** if **(2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such**

> **obligation into the registry of the court,** there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

When analyzing a statute the Court should begin with the text of the statute. See *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Section 1335 creates federal court jurisdiction of interpleader actions only if three conditions are met. Subsection (a) required the stake to be at least $500. That was satisfied with the TRUSTEE alleging a dispute over $53,737 in ¶ 21. Subsection (a)(1) specifies minimal diversity among claimants. That was satisfied with the TRUSTEE alleging residency in Georgia (¶ 4), LONG a resident of Kentucky (¶ 5) and GABBE a resident of Florida (¶ 7). Subsection (a)(2) requires the stakeholder (TRUSTEE) to deposit the stake (in this case U.S. currency) in the district court's registry. That condition was not satisfied depriving the Court of jurisdiction under 28 U.S.C. § 1335 (compare F.R.C.P. 22 allowing interpleader action <u>without</u> deposit but subject to 28 U.S. Code § 1332 and $75,000 minimum amount in controversy).

The statute, as written, is unambiguous. The 11th Circuit follows the interpretation of the text by the ordinary-meaning canon, "the most fundamental semantic rule of interpretation". ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 6, at 69 (2012). The word "and" in section 1335(a)(1) is used in the normal context so the Court should consider the ordinary meaning of that word when construing the statute. "And" means "along with or together with."[1] This means when "and" is used to connect a list of requirements, the word ordinarily has a "conjunctive" sense, meaning that all the requirements must be met. See *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620– 21 (2021). For example, if a statute provides, "You must do A, B, and C," it is not enough to do only

---

[1] And, WEBSTER'S THIRD NEW INT'L DICTIONARY (1993).

A, only B, or only C; "all three things are required"—A, together with B, together with C. See SCALIA & GARNER, supra, § 12, at 116. TRUSTEE met the requirements of A and B but did not accomplish C and deposit the stake into the registry of the court. As the 7th circuit court of appeals explained, jurisdiction does not exist based on mere "promises to pay rather than contemporaneous deposits." *State Farm Life Ins. Co.*, 775 F.3d at 869. Rather, § 1335(a)(2) "requires cash on the barrel-head." *Id.* The Court must dismiss COUNT I if it determines that it lacks subject matter jurisdiction to proceed. *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir.1984). Accordingly, The Court should dismiss COUNT I pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### b. DEPOSIT INTO THE COURT REGISTRY CONSTITUTES A TRANSFER OF BENEFICIAL INTERESTS AND IS EXPRESSLY FORBIDDEN BY TRUSTEE.

At Attached as Exhibit "A" (the "Letter") is a letter sent from TRUSTEE to Red Shield Funding and LONG relating to an attempted transfer of the Long Claim.

The letter states:

> Pursuant to the terms of the Joint Plan and Trust Agreement, RSF does not have a Beneficial Interest in the Creditors Trust. Accordingly, RSF will not receive any distribution related to the RSF Transfers from the Creditors Trust. As the Liquidating Trustee, I will be making distributions to authorized Beneficiaries as owners of their interests in the Creditors Trust.

(Ex. A, last paragraph)

TRUSTEE is bound to by his legal determination and best judgment there will never be any transfers of beneficial interests in the liquidating trust. The Court will note the Ch. 11 plan, at first blush, appears to allow transfers of beneficial interests with the consent of TRUSTEE.

Interests in the Galardi Creditors Trust shall be uncertificated and **shall be non-transferable except upon death of the interest holder or by operation of law or with consent of the Liquidating Trustee** upon such terms as the Liquidating Trustee, in his sole and absolute discretion, might require.

(Ch. 11 Plan, pg. 26, 4.3.2 Transfers to the Creditors Trust).

This section conflicts with the Trust Agreement and letter from TRUSTEE interpreting the Trust Agreement. "[I]n the event of any conflict between the terms of this section [4.3.2] and the terms of the Trust Agreement, the terms of the Trust Agreement shall govern" (Ch. 11 Plan, pg. 24, 4.3 Galardi Creditors Trust and Liquidating Trustee).[2]

## CONCLUSION

With respect to the LONG Claim, an alleged lien was placed on LONG'S portion of trust assets on April 28, 2022 by Mr. Dudley, counsel for the creditor's committee [3] and later by Ms. Gabbe. This was done in violation of the automatic stay and permanent injunction that bars their attempts to attack and seize trust assets for their benefit. Ms. Gabbe has recently filed another objection to the Long Claim requesting the court to assume jurisdiction over this issue in the contested matter. The interpleader is subject to dismissal for the reasons stated in the motion to dismiss. TRUSTEE did not file an interpleader pursuant to § 1335 because there was not a simultaneous deposit into the Court registry. Transfers of beneficial interests to any person or entity, including the clerk of the court, is expressly forbidden by the Trust Agreement. The transfer is also expressly forbidden by TRUSTEE, himself, as stated in the Letter. TRUSTEE, correctly, elected to ignore the lien and instead sent LONG the Letter stating that "[I] will be making

---

[2] TRUSTEE has successfully advanced the same argument in Court to prevent a transfer of a beneficial interest (See *Motion to Disallow Transfers of Claim 98 for Liquidating Trust Purposes, Doc 500, Order sustaining Objection, Doc 570*).

[3] Doc 507, pg. 18

<u>distributions to authorized Beneficiaries as owners of their interests in the Creditors Trust</u>".

LONG is entitled to rely on the letter and justifiably did.

    For all the forgoing reasons the Motion should be denied.

DATE: September 14th, 2023

                                            Respectfully submitted,

*/s/ Jenisse Long*
2107 Center Street
Covington, KY 41014
longjenisee@gmail.com


## CERTIFICATE OF SERVICE

    I certify that on September 14th, 2023 a true and correct copy of the foregoing was mailed to the Clerk of the Court to be filed on the docket.

                                            */s/ Jenisee Long*
                                            Jenisee Long

# EXHIBIT "A"

## JONES & WALDEN LLC
ATTORNEYS AT LAW

699 PIEDMONT AVENUE NE
ATLANTA, GEORGIA 30308
TELEPHONE (404) 564-9300
FACSIMILE (404) 564-9301
WWW.JONESWALDEN.COM

June 16, 2023

*Via Email and U.S. Certified Mail, Return Receipt Requested:*
Red Shield Funding
c/o Joseph Guernsey
4681 Carvel Court
Myrtle Beach, SC 29588
redshieldfunding@gmail.com

Re:   Teri G. Galardi, Chapter 11 Case No. 22-50035-JPS
      U.S. Bankruptcy Court for the Middle District of Georgia, Macon Division

Dear Mr. Guernsey:

As you may be aware, I am the Liquidating Trustee of the Galardi Creditors Trust pursuant to the confirmed *Amended Joint Chapter 11 Plan of Reorganization of Teri G. Galardi and the Committee of Unsecured Creditors* (the "Joint Plan") in the above-styled bankruptcy case. The Bankruptcy Court entered an Order confirming the Joint Plan on April 14, 2023 (the "Confirmation Date"). As the Order states, the Joint Plan binds "creditors whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan."

On March 23, 2022, Tiffany Thompson filed Proof of Claim No. 114 in the unsecured amount of $368,787.84 ("Claim No. 114"). Also on March 23, 2022, Jenisee Long filed Proof of Claim No. 115 in the unsecured amount of $383,832.96 ("Claim No. 115"). Such claims are valid in the bankruptcy case.

On June 4, 2023, Red Shield Funding ("RSF") filed a Transfer of Claim Other Than for Security (Doc. No. 442) evidencing the transfer of Claim No. 114 from Ms. Thompson to RSF. On June 9, 2023, RSF filed a Transfer of Claim Other Than for Security (Doc. No. 453) evidencing the transfer of Claim No. 115 from Ms. Long to RSF. The purported transfers of Claim No. 114 and Claim No. 115 to RSF are referred to herein as the "RSF Transfers".

Pursuant to the confirmed Joint Plan, the claims of unsecured Class 8 creditors are being treated under the Trust Agreement for the Galardi Creditors Trust (the "Trust Agreement"). A copy of the Trust Agreement is enclosed. The Trust Agreement provides that:

> The Creditors Trust shall hold the legal title to all property at any time constituting
> a part of the Trust Estate and shall hold such property in trust to be administered

and disposed of by it pursuant to the terms of this Trust Agreement, the Plan, and the Confirmation Order for the benefit of the Beneficiaries. The Liquidating Trustee is authorized to make disbursements and payments from the Trust Estate in accordance with the provisions of Sections 5 and 6 of this Liquidating Trust Agreement and pursuant to the Plan.

Trust Agreement at § 2.6. As provided in the Trust Agreement, claims and interests of Class 8 Creditors shall not be transferable unless explicitly authorized by the Liquidating Trustee. The Trust Agreement states that:

> Unless the Liquidating Trustee determines otherwise, Beneficial Interests in the Creditors Trust shall not be transferable. In the event the Liquidating Trustee does authorize the transfer of Beneficial Interests, the Liquidating Trustee, with the advice of counsel, shall establish procedures to govern the registration and transfer of Beneficial Interests ("Permitted Transfer"). Once such procedures have been established, if ever, the Liquidating Trustee shall notify all holders of Beneficial Interests of such procedures....
>
> The Liquidating Trustee may deem and treat the persons who are Beneficiaries (as determined in accordance with the Plan) as the absolute owners of the Beneficial Interests in the Creditors Trust for the purpose of receiving distributions and payments thereof, or on account thereof, and for all other purposes whatsoever.

Trust Agreement at §§ 3.1 and 3.3. In other words, the Liquidating Trustee must provide a mechanism for the transfer of Class 8 Beneficial Interests to be permitted. I have not at this point established such a mechanism, nor do I intend to do so. Thus, the RSF Transfers are not effective as to the Liquidating Trust.

Pursuant to the terms of the Joint Plan and Trust Agreement, RSF does not have a Beneficial Interest in the Creditors Trust. Accordingly, RSF will not receive any distribution related to the RSF Transfers from the Creditors Trust. As the Liquidating Trustee, I will be making distributions to authorized Beneficiaries as owners of their interests in the Creditors Trust.

Sincerely,

Thomas T. McClendon
Liquidating Trustee of the Galardi Creditors Trust

TTM/tv
Enclosures

2

Middle District of Georgia
RECEIVED
U.S. Bankruptcy Court
SEP 18 2023

U.S. BANKRUPTCY COURT
P.O. BOX 1957
MACON, GA 31202

ORLANDO FL 328
15 SEP 2023 PM 3 L

31202-195757

