# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI**,<br><br>Debtor.<br>_____<br><br>**THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,**<br><br>Plaintiff,<br>v.<br><br>**JENISEE LONG, DUDLEY LAW, LLC, THE LAW OFFICE OF ASTRID E. GABBE, P.C.**<br><br>Defendants. | CHAPTER 11<br><br>CASE NO. 22-50035-JPS<br><br><br><br><br>ADV. PROC. NO. 23-05017-JPS |

## LIQUIDATING TRUSTEE'S RESPONSE IN OPPOSITION TO JENISEE LONG'S MOTION TO DISMISS

Interpleader Plaintiff Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust ("**Liquidating Trustee**"), files this Response in Opposition to Interpleader Defendant Jenisee Long's ("**Ms. Long**") *Motion to Dismiss for Lack of Subject Matter Jurisdiction, Res Judicata, and Failure to State a Claim Upon Which Relief Can Be Granted* (Dkt. 10) ("Motion"). In support thereof, Liquidating Trustee states as follows:

### INTRODUCTION

Ms. Long, purportedly pro-se, filed an eighteen-page motion to dismiss. Ms. Long asserts that the Court lacks subject matter jurisdiction. The Motion makes the same legal arguments as those raised by another pro-se creditor, Tiffany Thompson. *See Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust v. Rasheedah Mays, Tiffany Thompson, Astrid*

1

*Gabbe; Law Office of Astrid E. Gabbe, P.A., Ainsworth Dudley, Dudley Law, LLC*, 23-cv-22893-BB (S.D. Fla.) (the "Florida Action"). The Florida Action is also an interpleader filed in the Southern District of Florda. The Florida Action concerns distributions on the claims of Rahseedah Mays and Tiffany Thompson.[1] Ms. Thompson's motion was filed on August 17, 2023, seven days before Ms. Long's.

Despite her arguments, a cursory review of the Complaint for Interpleader shows that the Court should: (a) grant the Liquidating Trustee's motion to deposit, and (b) determine that the Court has subject matter jurisdiction over Liquidating Trustee's statutory claim for interpleader. The Court should deny Ms. Long's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On January 12, 2022 (the "Petition Date"), Teri G. Galardi ("Ms. Galardi" or "Debtor") filed a petition seeking relief under Chapter 11, Title 11 of the Untitled States Code (the "Bankruptcy Code"). Complaint for Interpleader ("Compl.") at. ¶ 1.

2. On March 23, 2022, Defendant Long filed her Proof of Claim No. 115 in the Debtor's Bankruptcy Case (Case No. 22-50035; POC No. 115) (Exhibit # 1). In her Proof of Claim, Ms. Long asserts an unsecured claim of $383,382.96. Compl. at ¶ 2.

3. Defendant Long's proof of claim relates to an arbitration (*Jenisee Long v. Teri Galardi*, AAA Arbitration Case No. 01-20-0005-4237). Ainsworth Dudley and Astrid Gabbe represented Ms. Long in the Arbitration. Compl. at ¶ 3.

---

[1] The May/Thompson interpleader was filed in the Southern District of Florida because those two claims arose out of a lawsuit in that district and a filed claim of attorney's lien was on the docket in that court. In contrast, this proof of claim arose out of an arbitration where Ms. Long pursued her claim against Ms. Galardi.

4. On April 28, 2022, a Committee of Unsecured Creditors (the "Committee") was appointed. Doc. No. 99. Compl. at ¶ 4.

5. The Committee and Debtor filed an *Amended Joint Chapter 11 Plan of Reorganization* (the "Plan") (Doc. No. 401). The Plan was approved on April 14, 2023. Doc. No. 410. Compl. at ¶ 7. The confirmed Plan created a liquidating trust (the "Liquidating Trust") for the benefit of unsecured creditors. Compl. at ¶ 5.

6. In the Order approving the Plan, the Court appointed Plaintiff as trustee of the Liquidating Trust. *Id*. at 7. Compl. at ¶ 8.

7. On July 19, 2023, Plaintiff sent a letter to Ms. Long regarding the initial distribution for her claim from the Liquidating Trust (the "Letter"). (Exhibit # 2). Compl. at ¶ 9.

8. In the Letter, Plaintiff states that Defendant Long was represented by Ainsworth Dudley and Astrid Gabbe in the arbitration and that she terminated their representation on March 17, 2022. Compl. at ¶ 10.

9. Both attorneys (Dudley and Gabbe) assert a claim on any distributions made to Defendant Long. Compl. at ¶ 11.

10. Ainsworth Dudley (Defendant Dudley Law, LLC) asserts a claim for $31,850 for attorney fees and expenses. An invoice detailing Mr. Dudley's services was enclosed with the Letter. Compl. at ¶ 12.

11. Astrid Gabbe (Defendant The Law Office of Astrid E. Gabbe, P.C.) asserts a claim for a 35% contingency fee, which includes the hourly fees asserted by Mr. Dudley. Compl. at ¶ 13.

12.     In the Letter, Plaintiff proposed the following distributions: $26,035 to Defendant Long, and a one-time payment of $53,737 to Defendants Dudley Law, LLC and The Law Office of Astrid E. Gabbe, P.C. These distributions would total $79,722. Compl. at ¶ 14.

13.     On July 19, 2023, Defendant Long responded to the Letter by an email sent to a paralegal at Plaintiff's firm. (Exhibit # 3). Compl. at ¶ 15.

14.     In the email, Defendant Long states that she "did not agree to pay anything out of my claim . . . ." Compl. at ¶ 16.

15.     As a result of the competing interests by the Interpleader Defendants to the trust funds, Liquidating Trustee filed his Complaint for Interpleader to interplead funds in the amount of $79,722.00. Compl. at ¶ 1. Liquidating Trustee claims no interest in the Funds and takes no position as to who is entitled to the Funds. Rather, Liquidating Trustee brought filed his Complaint for Interpleader to avoid multiple liabilities, unnecessary suits, and incidental costs.

16.     On August 23, 2023, Long filed her Motion. (Dkt. 10).

## LEGAL STANDARD

Ms. Long seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (12)(b)(6).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim when the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Alan L. Frank Law Associates P.C. v. OOO RM Invest*, 16-22484-CIV, 2016 WL 9383606, at *3 (S.D. Fla. Dec. 1, 2016), report and recommendation adopted, 16-22484-CIV, 2016 WL 9383575 (S.D. Fla. Dec. 19, 2016). Facial attacks on subject matter jurisdiction "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the

allegations in [the] complaint are taken as true for the purposes of the motion." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Factual attacks on subject matter jurisdiction rely on matters outside of the pleadings, and the court may consider extrinsic evidence and "weigh the facts" to determine if jurisdiction exists. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013).

Further, when the jurisdictional attack also implicates the elements of a claim

> "[t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . . Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion. . . ."

*Alan L. Frank Law Associates P.C.*, 2016 WL 9383606, at *4.

As to pleading requirements, Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim," but a complaint must set forth more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## ARGUMENT

**A. The Court Should Deny the Motion to Dismiss on the Merits Because the Interpleader Action is Valid.**

Ms. Long challenges the Complaint for Interpleader by arguing that the Court lacks subject matter jurisdiction. Under this umbrella, Long conflates various concepts and also asserts that the

5

Court lacks "Article III jurisdiction". Ms. Long also asserts that the Complaint for Interpleader fails to satisfy basic pleading requirements. Long's arguments are incorrect.

### 1. Liquidating Trustee Satisfies Statutory Interpleader Under 28 U.S.C. § 1335.

A "district court must have at least one of three types of subject matter jurisdiction: 1) "jurisdiction under a specific statutory grant;" 2) "federal question jurisdiction pursuant to 28 U.S.C. § 1331;" or 3) "diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016).

Here, a specific statutory grant confers jurisdiction per the first prong of the analysis. In this case, the Court has subject matter jurisdiction because the Complaint for Interpleader falls under 28 U.S.C. § 1335. *See Alan L. Frank Law Associates P.C.*, 2016 WL 9383606, at *5 ("Federal interpleader may be brought under Title 28, United States Code, 1335 and Rule 22 of the Federal Rules of Civil Procedure. The difference is that § 1335 interpleader has more liberal procedural rules.") (internal citations omitted).[2]

An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Metro. Life Ins. Co. v. Bell*, 6:14-CV-473-ORL-22, 2015 WL 926040, at *3 (M.D. Fla. Mar. 4, 2015). At this stage of an interpleader, a Court decides whether the interpleader plaintiff has "a real and reasonable fear of double liability or vexatious, conflicting claims" against the single fund . . . regardless of the merits of the competing claims[.]" *Id.* Under this framework, a Court "shall have original jurisdiction of any civil action of interpleader" pursuant to 28 U.S.C. § 1335 if:

---

[2] Ms. Long has not addressed the Liquidating Trustee's request for relief under Federal Rule of Civil Procedure 22. *See* Complaint at ¶ 26.

1)     the plaintiff has in his "custody or possession money or property of the value of $500 or more;"

2)     "[t]wo or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property[;]" and

3)     "the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court[.]"

The statute also requires "minimal diversity," that is, "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *See* 28 U.S.C. § 1335 *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).

*Alan L. Frank Law Associates P.C. v. OOO RM Invest*, 16-22484-CIV, 2016 WL 9383606, at *6 (S.D. Fla. Dec. 1, 2016), is on all fours. In that case, the Court rejected a defendant's motion to dismiss an interpleader action for lack of subject matter jurisdiction because the plaintiff satisfied 28 U.S.C. § 1335. The court noted that "the amount deposited with the Court exceeds the $500 threshold" and there was "minimal diversity among the claimants, that is, at least one claimant must be of diverse citizenship from another claimant." *Id.*

As alleged in the Complaint for Interpleader, this Court has subject matter jurisdiction under 28 U.S.C. § 1335(a) because: (a) this is a civil action of interpleader filed by the Liquidating who has custody or possession of $500.00 or more; (b) two or more adverse claimants are of diverse citizenship under 28 U.S.C. §§ 1332(a) and claim entitlement to such money; and (c) the Liquidating Trustee will deposit such money into the registry of the Court. Compl. at ¶ 10. Specifically, Liquidating Trustee control the Funds which is $79,722.00. Ms. Long admits this first element. Motion at 12. Minimal diversity is satisfied because Ms. Long is a resident of Kentucky, Gabbe is a resident of Florida, and Dudley is a resident of Georgia. Ms. Long admits this element as well. Motion at 12.

Ms. Long, however, claims that the Court lacks subject jurisdiction because the Trustee has not deposited the stake into the Court's registry. Motion at 12. Prior to Ms. Long's filing the Motion, Liquidating Trustee filed his Motion to Deposit Funds Into the Court's Registry pursuant to Federal Rule of Civil Procedure 67. Thus, the Liquidating Trustee seeks an order to allow Liquidating Trustee to deposit the Funds into the Court's registry and establish jurisdiction under 28 U.S.C. § 1335(a). (Dkt. 9). The Liquidating Trustee cannot deposit the Funds without an order of the Court. *See* F.R.B.P. 7067; Fed. R. Civ. P. 67(a) ("If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. *The depositing party must deliver to the clerk a copy of the order permitting deposit.*") (emphasis added).

This Court has not yet ruled on the Motion to Deposit. Such Motion is set for hearing on September 25, 2023 (Dkt. 9). Ms. Long has responded in opposition to the Motion to Deposit (Dkt. 16). Ms. Long objects to the motion to deposit by stating that the Liquidating Trustee did not file a valid interpleader because the Liquidating Trustee did not deposit the funds with the Court. *See* Dkt. 16 at 2-4. That is the entire point of the trustee's motion to deposit.

Failure to deposit the Funds without leave of the Court does not deprive the Court of jurisdiction. *Hartford Fire Ins. Co. v. Coastal Int'l*, 2015 WL 4038905, 2015 U.S. Dist. LEXIS 85026 at *19-21 (N.D. Ill. June 30, 2015 (finding subject matter jurisdiction based on a complaint and motion to deposit). "Courts frequently permit plaintiffs to perfect under 28 U.S.C. § 1335 by moving to deposit the funds at a later time." *Id.* at *21. This is exactly what the Liquidating Truste has done. Indeed, cases go so far as to state that "the failure to deposit the stake with the Court's registry alone would not warrant outright dismissal of the interpleader action for lack of

8

jurisdiction. Rather, it would be error to dismiss the complaint without affording the opportunity to cure." *Travelers Ins. Co. v. Estate of Garcia*, 2003 WL 1193535, 2003 U.S. Dist. LEXIS 2828 at * 9 (E.D.N.Y. Feb. 4, 2003).

### 2. Liquidating Trustee Has Standing to Bring the Interpleader.

Next, Ms. Long claims that the Liquidating Trustee lacks standing because Liquidating Trustee "enjoys absolute immunity when distributing trust funds to Beneficiaries." Motion at 8. To support her claim, Long cites *Iqbal* and *Twombly* and argues that Liquidating Trustee failed to allege well-plead facts. Motion at 7-8.

A related argument is that there is no "injury in fact" sufficient to support Article III standing. *See* Motion at 5 ("the only element that LONG takes issue with here, is that the TRUSTEE has not suffered "an injury in fact" concrete and particularized and (b) actual or imminent."). "The Supreme Court has long recognized that interpleader actions like this one constitute a "Case and Controversy" for purposes of Article III and that federal courts therefore have jurisdiction over such matters." *Am. Gen. Life Ins. Co. v. O.H.M.*, 2021 WL 7448072, at *4; 2021 U.S. Dist. LEXIS 50947 (M.D. Fla. Mar. 1, 2021) (citing *California v. Texas*, 457 U.S. 164, 167, 102 S. Ct. 2335, 72 L. Ed. 2d 755 (1982)).[3]

Long's claim that the Trustee lack an injury in fact is further belied by the record and, more importantly, her own argument. Long states "On the other hand, if [the Liquidating Trustee] does not carry out the Plan he will be sued by LONG for not distributing her *pro rata* share of the TRUST to her as he was ORDERED to by the Court." Motion at 6. Ms. Long also stated that she "did not agree to pay anything out of her claim…." Complaint at ¶ 23, Ex. 4.

---

[3] Report and recommendation adopted sub nom. Am. Gen. Life Ins. Co. v. O.H.S., 8:20-CV-1581-WFJ-CPT, 2021 WL 7448129 (M.D. Fla. Mar. 16, 2021)

9

Prior to the Liquidating Trustee filing the Interpleader, Ms. Long maintained that the Liquidating Trustee must pay her the all of the $76,645 distribution on Ms. Long's proof of claim and not to pay it to anyone else. The Liquidating Trustee has no doubt that if he had paid what was asserted by Gabbe and Dudley, that Long would have sought a recovery of those funds. Long cannot argue that Liquidating Trustee is immune from liability or conflicting claims, when she herself confirmed the Liquidating Trustee's belief that disbursement of the Funds will subject him to multiple liability or competing claims. This is more than sufficient for Article III injury in fact.

### 3. The Liquidating Trustee Stated A Claim For Interpleader

Ms. Long asserts that the Liquidating Trustee failed to state a claim for interpleader. To support her claim, Long cites *Iqbal* and *Twombly* and asserts that "there is no promise of a lawsuit if the email "lien" is not complied with." Motion at 8. Ms. Long also argues that the Liquidating Trustee "enjoys absolute immunity when distributing trust funds to Beneficiaries." The Liquidating Trustee appreciates that statement. But that is not the standard for an interpleader.

The Eleventh Circuit has explained that an

> "[i]nterpleader action proceeds in two stages. . . . At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. . . . At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds."

*Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009). This case is currently at the first stage. "At this stage, the Court decides whether [the plaintiff] has 'a real and reasonable fear of double liability or vexatious, conflicting claims' against the single fund . . . '*regardless of the merits* of the competing claims.'" Metro. Life Ins. Co. v. Bell, 2015 WL 926040, 2015 U.S. Dist. LEXIS 26315, at *3 (M.D. Fla. Mar. 4, 2015) (emphasis original). The Liquidating Trustee is faced with "vexatious, conflicting claims." "[T]he stakeholder should not be obligated at its peril to determine which of two claimants has the better

10

claim." *Alan L. Frank Law Assocs. P.C.,* 2016 U.S. Dist. LEXIS 167663, at *14. The Liquidating Trustee's Interpleader Action is proper. The Court should deny the Motion.

### B. The Liquidating Trustee Properly Filed This Interpleader to Resolve Competing Claims By Long, Gabbe, and Dudley.

Ms. Long also takes aim at the Liquidating Trustee personally. First, Ms. Long asserts that "prior to his appointment as TRUSTEE, [the Liquidating Trustee] entered into the practice of law with Ms. Astrid Gabbe ("Gabbe") and Mr. Ainsworth Dudley ("Dudley") (collectively "Associates") with respect to several Trust Beneficiaries. At the same time TRUSTEE and DUDLEY were appoint [sic] to the creditor's committee. LONG, GABBE and DUDLEY are, each, also Beneficiaries of the TRUST." Motion at 2.

At the beginning of this case, the Liquidating Trustee's law firm, Jones & Walden, LLC ("Jones & Walden"), Leon Jones & the Liquidating Trustee entered notice of appearances for many FLSA creditors. *See, e.g.*, Dkt. 47 (filed March 1, 2022). In fact, Jones & Walden represented the creditors who objected to Ms. Galardi's designation as a Subchapter V case early in this case. Dkt. 57 & 64. Without that, Ms. Galardi likely would have remained in a Subchapter V case. In that event, Ms. Galardi could have confirmed a plan of reorganization paying only disposable income over three to five years. Instead, a Plan was confirmed in this case that will distribute approximately $10 million. Jones & Walden, on behalf of its creditor clients, also obtained multiple extension of time for all unsecured creditors to object to Ms. Galardi's discharge or dischargeability. This allowed creditors an opportunity to block Ms. Galardi's discharge. (*See, e.g.*, Dkt. 82).

The objection to the Subchapter V designation was successful. Thereafter, a Committee of Unsecured Creditors (the "Committee") were appointed. (Dkt. 99). The Committee requested Jones & Walden to serve as counsel for the Committee. The application filed by Jones & Walden

11

to represent the Committee and signed by the Liquidating Trustee disclosed that Jones & Walden was representing numerous FLSA creditors at the time of that application. Dkt. 100 and 101.[4] In Jones & Walden's application for employment, the firm disclosed the creditors it has previously filed notices of appearances on behalf of and stated that "each of the creditors would be constituents of the Committee." (Dkt. 100 at 6). This is in accordance with 11 U.S.C. § 1103(b) which makes clear that "representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." No one opposed the application of Jones & Walden as attorney for the committee, and the Court approved the employment. (Dkt. 103).

The amended plan of reorganization (Dkt. 401) proposed Mr. McClendon to serve as liquidating trustee. (Dkt. 401 at 24). No party-in-interest objected to this, and the Court entered the order approving the plan. Such confirmation order appointed Mr. McClendon to serve as liquidating trustee. (Dkt. 410).

As is clear from the docket in this case, the Liquidating Trustee's firm did represent creditors prior to its appointment as counsel for the Committee and Mr. McClendon's subsequent appointment as Liquidating Trustee. This was clear from the docket in this case and known to everyone involved in this Bankruptcy Case.

Ms. Long even asserts that "it is, of course, entirely possible Mr. McClendon, individually, is legally responsible for the purported lien based on an undisclosed side agreement between

---

[4] These creditors included: Shanice Bain, Yashica Bain, Netonia Bell, Yamilee Bennett, Maria Bush, Princess Callahan, Jessica Chatman, Quina Dopoe, Shadana Deleston, Shanrika Duhart, Belinda Harris, Crystyona Hartzog, Sasha Hollins, Kitrea Jackson, Ronika Jones, Abri Leahong, Queen Lewis, Montoyo Minnis, Tania Ramessar, Jennifer Ridley, Aida Simmons, Seleta Stanton, Aisha Taliaferro, Marsha Taylor, Brittany Walker, Keesah Weems, Africa Williams, Addie Brooks, Angela Milner, Krystall Wright, and Latoya Hughes. Dkt. 100 at 6.

12

himself, GABBE and DUDLEY." Motion at 2, n. 3 (emphasis in original). Jones & Walden entered engagement letters with its clients at the beginning of this case. In certain instances, Jones & Walden's clients were also Mr. Dudley's clients. There is no "undisclosed side agreement". There is no agreement that affects Ms. Long's claim; neither Jones & Walden nor Mr. McClendon represented Ms. Long. Nor does Mr. McClendon in any way have any responsibility much less liability for the claims made by Mr. Dudley and Ms. Gabbe. The circumstances surrounding the claims all concern litigation which long predates the Plaintiff's role in this bankruptcy case.

Ms. Long insinuates that Mr. McClendon has an ulterior motive in filing the interpleader. This is simply false. This action was filed to allow the Court to adjudicate the rights of three parties who have made completing claims. Nothing more and nothing less exists.

## **CONCLUSION**

Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust, respectfully requests that the Court deny Interpleader Defendant Jenisee Long's Motion to Dismiss. An interpleader is the best course to resolve competing claims to the same funds. The Liquidating Trustee knows that $79,722.00 is ripe for distribution from the Liquidating Trust. Several parties have made over-lapping claims to the same funds. This is a classic example of a need to determine conflicting claims through interpleader as the Plaintiff has no stake in the outcome. The Plaintiff has "no dog in this fight".[5]

---

[5] Should the Court dismiss the Complaint for Interpleader without prejudice, Liquidating Trustee respectfully requests leave to amend.

Respectfully submitted this 21st day of September, 2023.

        **JONES & WALDEN LLC**

        */s/ Thomas T. McClendon*
        Thomas T. McClendon
        Georgia Bar No. 431452
        699 Piedmont Ave. NE
        Atlanta, Georgia 30308
        (404) 564-9300
        tmcclendon@joneswalden.com
        Liquidating Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI**,<br><br>    Debtor.<br>_____<br><br>**THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,**<br><br>    Plaintiff,<br>v.<br><br>**JENISEE LONG, DUDLEY LAW, LLC, THE LAW OFFICE OF ASTRID E. GABBE, P.C.**<br><br>    Defendants. | **CHAPTER 11**<br><br>**CASE NO.  22-50035-JPS**<br><br><br><br><br>**ADV. PROC. NO. 23-05017-JPS** |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Liquiating Trustee's Response in Opposition to Jenisee Long's Motion to Dismiss* (the "Response") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Notice to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Ainsworth G Dudley**    adudleylaw@gmail.com
- **Jason M. Orenstein**    jmopclaw@yahoo.com

I further certify that on the date indicated below, I caused a copy of the Response to be served upon the following parties listed below via Federal Express, Priority Overnight:

Jenisee Long
2107 Center Street
Covington, KY 41014

This 21st day of September, 2023.

**JONES & WALDEN LLC**
*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave. NE, Atlanta, Georgia 30308
(404) 564-9300 || tmcclendon@joneswalden.com
Liquidating Trustee

15