IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**FILED**
U.S. Bankruptcy Court

NOV 0 2 2023

Middle District of Georgia

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>     **Debtor.** | **CHAPTER 11**<br><br>**CASE NO.  22-50035-JPS** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,**<br><br>     **Plaintiff,**<br>v.<br><br>**JENISEE LONG, DUDLEY LAW, LLC, THE LAW OFFICE OF ASTRID E. GABBE, P.C.**<br><br>     **Defendants.** | **ADV. PROC. NO. 23-05017-JPS** |

**JENISEE LONG'S MOTION TO ORDER
TRUSTEE TO RELEASE FUNDS NOT IN DISPUTE**

NOW COMES DEFENDANT JENISEE LONG ("LONG") and files this motion requesting the Court ORDER the Trustee to immediately release all funds not in dispute.

Ms. Gabbe and Mr. Dudley violated the automatic stay and asserted liens against the liquidating trust in the amount of $53,737.  LONG requests the Court ORDER the TRUSTEE to immediately release all funds available for disbursement that are not disputed.

For the record Ms. Gabbe filed a fraudulent consent motion and proposed order in the Darden case without LONG'S knowledge or consent.  See the Declaration attached.  If Ms. Gabbe or her attorneys, Mr. Orenstein and Mr. Kusachuk, present a "consent judgement" to this Court it is known ahead of time it was not consented to by LONG and is fraudulent.

DATE: October 31, 2023

Respectfully submitted,

Jenisee Long
2107 Center Street
Covington, KY 41014
longjenisee@gmail.com

### UNSWORN DECLARATION OF JENISEE LONG
### UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. SEC. 1746
### MADE TO INFORM THE COURT MS. GABBE COMMITTED FRAUD AND IS
### CURRENTLY TRYING TO STEAL MY CLAIM NO. 115

1.

My name is Jenisee Long.  I file this declaration because the Darden court in Miami, FL

will most likely sign the Consent Judgment and want it to be known to the world that attorneys'

Ms. Gabbe, Mr. Orenstein and Mr. Kusachuk have engaged in rank fraud to steal my bankruptcy

claim!

2.

As of today, I am the owner of claim number 115 in bankruptcy court and former client

of Ms. Astrid Gabbe.  I terminated representation around March, 2022.

3.

I say as of today because once the Consent Order is signed by the judge Ms. Gabbe and

her lawyers Mr. Orenstein and Mr. Kusachuk will argue I am now longer entitled to any payments

from the liquidating trust, they are all to go Ms. Gabbe, as my lawyer, that I fired last year!

4.

On October 6, 2023 Ms. Gabbe filed the UNOPPOSED MOTION TO APPROVE

CONSENT JUDGMENT and filed a CONSENT JUDGEMENT (EXHIBIT A).

5.

On the same day I was contacted by Mr. Tom McClendon, the Ch. 11 liquidating trustee

and asked if I had consented to the entry of the order filed by Ms. Gabbe and I said that I did not

consent because I have not spoken to Ms. Gabbe.

6.

If Ms. Gabbe did ask for my consent I would have said NO!

7.

The last time I spoke to or had any communication with Ms. Gabbe was around April,

2022 when I fired her.  I see now she never withdrew from the case.  Ms. Gabbe and Mr. Kusachuk

have contacted me through telephone and text but I have not responded.

8.

The CONSENT JUDGMENT states that I agreed to all the following:

> To be clear, the first $134,341.32 of this claim recovery must be paid to satisfy the
> attorney charging lien first before any recovery may be had by Ms. Long. The next
> $249,491.64 goes to Jenisse Long the owner of the claim which equals the total
> amount due of $383,832.96. In the event of a lesser recovery Movants seek entry of
> this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms.
> Gabbe and 65% to her client Ms. Long to avoid a perverse outcome under Florida Lien
> law whereby Ms. Gabbe would receive the majority of the recovery or more than her
> client Ms. Long.
>
> **This Consent Judgment also authorizes Ms. Gabbe to engage local or other coun-
> sel on behalf of Ms. Long to protect her rights in this claim and further authorizes
> Ms. Gabbe to collect on this claim and hold the 65% interest in her attorney trust
> account only to be disbursed upon further Motion to Approve Consent Judgment
> and corresponding Consent Judgment on Disbursemnet from this Court. This
> Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee
> agreement with any attorney necessary and agree to pay said attorney 10% of
> the aggregate recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5%
> to Ms. Long only to be disbursed by further order of this Court.**

9.

Ms. Gabbe was fired and through the Consent Judgment Ms. Gabbe and by extension Mr.

Orenstein and Mr. Kusachuck are stealing my entire claim.  The Consent Judgment states that the

entire claim is to be paid to Ms. Gabbe!  HOW IS SHE EVEN A LAWYER WHEN SHE IS

STEALING $134,341.32 FROM ME!

10.

The Consent Judgment says that I agree to pay $134,341.32 to Ms. Gabbe and whatever

is not collected from the liquidating trust will be collected through another attorney until the entire

judgment is paid.

11.

THIS IS CRAZY! SHE DID NOTHING, SHE FILED A CASE AND THERE IS NO

CONTRACT WHERE I AGREED TO ANYTHING.

12.

I was never served by mail even though the certificate of service states that I was served.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON October 31, 2023.

Jenisee Long
2107 Center Street,
Covington, KY 41014

*EXHIBIT "A"*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### Case No. 20-20592-CIV-SINGHAL-DAMIAN

PORSCHE DARDEN,
LONG *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

## UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT

COMES NOW, Plaintiff Jenisse Long, ("Long"), and Interested Party Astrid E. Gabbe,

Esq., ("Ms. Gabbe"), (jointly "Movants") hereby move to approve a consent judgment on the

uncontested attorney charging lien of Astrid E. Gabbe, Esq. (DE. [104]) and seek entry of a

consent judgment with the following relief:

1.     The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of

$134,341.54 (DE. [104]) is valid and enforceable with an effective and perfected date of

February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case. Ms.

Gabbe on behalf of Ms. Long claimed $383,832.96 were due and owing for violations of the

Florida Minimum Wage Act.   By operation of law, the uncontested attorney charging lien

immediately attached to the $383,832.96 claim and created a superior lien in the recovery of

such claim such that the attorney charging lien is paid in full before any payment is made on the

recovery to Ms. Long.

2.     In effect, the interest created by a valid attorney's charging lien arises by

operation of law when all of the requirements of such a lien are satisfied [which is the case here

of the uncontested charging lien (DE (104]) and is effective from the commencement of the

attorney's services in advance of any judicial action recognizing it. *See Weed v. Washington*, 242

F.3d 1320 (11th Cir. 2001) and *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981).

3.      However, to prevent a perverse outcome in a lesser recovery, Movants seek entry

of this Consent Judgment to participate in recovery pari-passu from the first dollar of recovery at

35% to Astid Gabbe up to $134,341.32 and 65% to Jenisse Long up to $249,491.64 from dollar

one.

4.      Movants seek the immediate entry of the attached Consent Judgment authorizing

Ms. Gabbe to receive up to $134,341.32 and Ms. Long to receive up to $249,491.64, pari-passu

from the first dollar of recovery.

5.      Upon entry of the Consent Judgment, undersigned counsel will file it with counsel

of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi,*

Case No. 22-50035-JPS, so that Movants will both be paid directly from the Galardi Creditor

Trust pari-passu.

6.      The Liquidating Trustee is also hereby authorized to distribute the entire claim to

Ms. Gabbe's trust account to be held in trust for Ms. Long only to be disbursed upon further

Motion to Approve Consent Judgment for Disbursement and corresponding Consent Judgment

on Disbursement.

7.      Ms. Gabbe is also authorized to engage local or other counsel on behalf of Ms.

Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect on this claim

and hold the 65% interest in her attorney trust account only to be disbursed upon further Motion

to Approve Consent Judgment and corresponding Consent Judgment on Disbursemnet from this

Court.  This Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee

agreement with any attorney necessary and to agree to pay said attorney 10% of the aggregate

recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to be

disbursed by further order of this Court.

8.      Counsel of record for the defendants, Dean Fuchs, has reviewed the Motion and

does not oppose the Motion.  Neither Ms. Galardi nor her counsel have any interest in the

Galardi Creditor Trust referenced in the Motion.

WHEREFORE, Movants respectfully requests that the Court enter a Consent Final

Judgment granting the above relief.  Movants consent to the entry of the Consent Judgment by

the Magistrate Judge.

Dated October 6, 2023                         Respectfully submitted,

**Attorney for Plaintiff Jenisse Long**       **Attorney for Interested Party Astrid E.
                                               Gabbe, Esq.**
*/s/ Astrid E. Gabbe*                          */s/ Astrid E. Gabbe*
Astrid E. Gabbe                                Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.        The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383                         Florida Bar No. 635383
P.O. Box 4216                                  P.O. Box 4216
Hollywood, FL 33083                            Hollywood, FL 33083
Tel. (954) 303-9882                            Tel. (954) 303-9882
Fax. (954) 983-1427                            Fax. (954) 983-1427
astridgabbe@gmail.com                          astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was filed with the Court's CM/ECF system which will automatically serve the foregoing document on all parties of record as indicated on the attached service list on this 6th day of October, 2023.

**Attorney for Plaintiff Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All parties of record

***Served Via First-Class Mail***
Jenisse Long, 2107 Center Street, Covington, KY 41014

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE

     Plaintiff

v.

JENISSE LONG

     Defendant

_____/

### CONSENT JUDGMENT

THIS CAUSE has come before the court on the Unopposed Motion to Approve Consent Judgment (DE[113]), on the uncontested attorney charging lien (DE [104]) in favor of Astrid E. Gabbe and against Jenisse Long.  The Court having considered the motion and being otherwise advised, it is here by

**ORDERED and ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [113]) is **GRANTED.**[1]  A Consent Judgment is entered in favor of Astrid E. Gabbe against Jenisse Long in the amount of $134,341.54.  It is further

**ORDERED and ADJUDGED**  that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $134,341.32 (DE [104]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case.   By operation of law, the uncontested attorney charging lien immediately attached to the $383,832.96 claim and created a superior lien in the recovery of such claim such

---

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

that the attorney charging lien is paid in full before any payment is made on the recovery to Ms. Long.

To be clear, the first $134,341.32 of this claim recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by Ms. Long. The next $249,491.64 goes to Jenisse Long the owner of the claim which equals the total amount due of $383,832.96.   In the event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. Long to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. Long.

This Consent Judgment also authorizes Ms. Gabbe to engage local or other counsel on behalf of Ms. Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect on this claim and hold the 65% interest in her attorney trust account only to be disbursed upon further Motion to Approve Consent Judgment and corresponding Consent Judgment on Disbursemnet from this Court. This Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee agreement with any attorney necessary and agree  to pay said attorney 10% of the aggregate recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to be disbursed by further order of this Court.

DONE and ORDERED in Chambers, Fort Lauderdale, Florida this __th day of October 2023.

_____
RAAG SINGHAL
United States Magistrate Judge

Copies furnished counsel via CM/ECF

*EXHIBIT "A"*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 20-20592-CIV-SINGHAL-DAMIAN**

PORSCHE DARDEN,
LONG *et. al*,

      Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

      Defendants

_____/

### UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT

COMES NOW, Plaintiff Jenisse Long, ("Long"), and Interested Party Astrid E. Gabbe, Esq., ("Ms. Gabbe"), (jointly "Movants") hereby move to approve a consent judgment on the uncontested attorney charging lien of Astrid E. Gabbe, Esq. (DE. [104]) and seek entry of a consent judgment with the following relief:

1.    The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $134,341.54 (DE. [104]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case. Ms. Gabbe on behalf of Ms. Long claimed $383,832.96 were due and owing for violations of the Florida Minimum Wage Act.  By operation of law, the uncontested attorney charging lien immediately attached to the $383,832.96 claim and created a superior lien in the recovery of such claim such that the attorney charging lien is paid in full before any payment is made on the recovery to Ms. Long.

2.    In effect, the interest created by a valid attorney's charging lien arises by operation of law when all of the requirements of such a lien are satisfied [which is the case here

of the uncontested charging lien (DE (104)) and is effective from the commencement of the

attorney's services in advance of any judicial action recognizing it. *See Weed v. Washington*, 242

F.3d 1320 (11th Cir. 2001) and *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981).

3.     However, to prevent a perverse outcome in a lesser recovery, Movants seek entry

of this Consent Judgment to participate in recovery pari-passu from the first dollar of recovery at

35% to Astid Gabbe up to $134,341.32 and 65% to Jenisse Long up to $249,491.64 from dollar

one.

4.     Movants seek the immediate entry of the attached Consent Judgment authorizing

Ms. Gabbe to receive up to $134,341.32 and Ms. Long to receive up to $249,491.64, pari-passu

from the first dollar of recovery.

5.     Upon entry of the Consent Judgment, undersigned counsel will file it with counsel

of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi,*

Case No. 22-50035-JPS, so that Movants will both be paid directly from the Galardi Creditor

Trust pari-passu.

6.     The Liquidating Trustee is also hereby authorized to distribute the entire claim to

Ms. Gabbe's trust account to be held in trust for Ms. Long only to be disbursed upon further

Motion to Approve Consent Judgment for Disbursement and corresponding Consent Judgment

on Disbursement.

7.     Ms. Gabbe is also authorized to engage local or other counsel on behalf of Ms.

Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect on this claim

and hold the 65% interest in her attorney trust account only to be disbursed upon further Motion

to Approve Consent Judgment and corresponding Consent Judgment on Disbursemnet from this

Court.  This Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee

agreement with any attorney necessary and to agree to pay said attorney 10% of the aggregate recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to be disbursed by further order of this Court.

       8.     Counsel of record for the defendants, Dean Fuchs, has reviewed the Motion and does not oppose the Motion.  Neither Ms. Galardi nor her counsel have any interest in the Galardi Creditor Trust referenced in the Motion.

      WHEREFORE, Movants respectfully requests that the Court enter a Consent Final Judgment granting the above relief.  Movants consent to the entry of the Consent Judgment by the Magistrate Judge.

      Dated October 6, 2023                   Respectfully submitted,

| **Attorney for Plaintiff Jenisse Long** | **Attorney for Interested Party Astrid E. Gabbe, Esq.** |
|---|---|
| */s/ Astrid E. Gabbe* | */s/ Astrid E. Gabbe* |
| Astrid E. Gabbe | Astrid E. Gabbe |
| The Law Office of Astrid E. Gabbe, P.A. | The Law Office of Astrid E. Gabbe, P.A. |
| Florida Bar No. 635383 | Florida Bar No. 635383 |
| P.O. Box 4216 | P.O. Box 4216 |
| Hollywood, FL 33083 | Hollywood, FL 33083 |
| Tel. (954) 303-9882 | Tel. (954) 303-9882 |
| Fax. (954) 983-1427 | Fax. (954) 983-1427 |
| astridgabbe@gmail.com | astridgabbe@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was filed with the Court's CM/ECF system which will automatically serve the foregoing document on all parties of record as indicated on the attached service list on this 6th day of October, 2023.

**Attorney for Plaintiff Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All parties of record

***Served Via First-Class Mail***
Jenisse Long, 2107 Center Street, Covington, KY 41014

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-20592-CIV-SINGHAL-DAMIAN

ASTRID E. GABBE

      Plaintiff

v.

JENISSE LONG

      Defendant

_____/

### CONSENT JUDGMENT

THIS CAUSE has come before the court on the Unopposed Motion to Approve Consent Judgment (DE[113]), on the uncontested attorney charging lien (DE [104]) in favor of Astrid E. Gabbe and against Jenisse Long.  The Court having considered the motion and being otherwise advised, it is here by

**ORDERED and ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [113]) is **GRANTED.**[1]  A Consent Judgment is entered in favor of Astrid E. Gabbe against Jenisse Long in the amount of $134,341.54.  It is further

**ORDERED and ADJUDGED**  that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $134,341.32 (DE [104]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case.   By operation of law, the uncontested attorney charging lien immediately attached to the $383,832.96 claim and created a superior lien in the recovery of such claim such

---

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

that the attorney charging lien is paid in full before any payment is made on the recovery to Ms. Long.

To be clear, the first $134,341.32 of this claim recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by Ms. Long. The next $249,491.64 goes to Jenisse Long the owner of the claim which equals the total amount due of $383,832.96.   In the event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. Long to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. Long.

This Consent Judgment also authorizes Ms. Gabbe to engage local or other counsel on behalf of Ms. Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect on this claim and hold the 65% interest in her attorney trust account only to be disbursed upon further Motion to Approve Consent Judgment and corresponding Consent Judgment on Disbursemnet from this Court.  This Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee agreement with any attorney necessary and agree  to pay said attorney 10% of the aggregate recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to be disbursed by further order of this Court.

DONE and ORDERED in Chambers, Fort Lauderdale, Florida this __th day of October 2023.


_____
RAAG SINGHAL
United States Magistrate Judge


Copies furnished counsel via CM/ECF

Tensed Long
407A Center Street
Covington, KY 4017

U.S. Bankruptcy Court
Middle District of Georgia
ATTN: CLERK OF COURT
433 Cherry Street
Macon, GA 31201

Phone 478-752-3500



Retail

U.S. POSTAGE PAID

NOV 01, 2023

$28.75

R2304N116735-19

31201

RDC 07

**PRIORITY MAIL EXPRESS®**

UNITED STATES POSTAL SERVICE®

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)   PHONE ( 613 ) 551-9825

Jenise Long
2107 A Center Street
Covington, KY 41014

DELIVERY OPTIONS (Customer Use Only)
☒ SIGNATURE REQUIRED (Note: The mailer must check the "Signature Required" box if the mailer: 1)
Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4)
Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's
mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.)
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( 478 ) 752-3506
U.S Bankruptcy court
Middle District of Georgia
ATTN: CLERK of court
433 Cherry Street
Macon, GA 31201

ZIP + 4® (U.S. ADDRESSES ONLY)   3 1 2 0 1

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**PRIORITY MAIL EXPRESS®**

**FLAT RATE ENVELOPE**

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

how2recycle.info   PAPER POUCH

EI 466 082 880 US

PAYMENT BY ACCOUNT (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

☐ DPO
☐ Military

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code   45209
☒ 1-Day   ☐ 2-Day
Scheduled Delivery Date (MM/DD/YY)   11/2
Date Accepted (MM/DD/YY)   11/1
Scheduled Delivery Time   ☐ 12:00 PM   ☒ 6:00 PM
Time Accepted   12:58   ☐ AM  ☒ PM
Postage   $ 28.75
Insurance Fee   $
COD Fee   $
Return Receipt Fee   $
Live Animal Transportation Fee   $
Special Handling/Fragile   $
Sunday/Holiday Premium Fee   $
Weight   lbs.   ozs.
☐ Flat Rate   Acceptance Employee Initials
Total Postage & Fees   $ 28.75

DELIVERY (POSTAL SERVICE USE ONLY)
Delivery Attempt (MM/DD/YY)   Time   ☐ AM  ☐ PM   Employee Signature
Delivery Attempt (MM/DD/YY)   Time   ☐ AM  ☐ PM   Employee Signature

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

PEEL FROM THIS CORNER