**SO ORDERED.**

**SIGNED this 13 day of March, 2024.**



_James P. Smith_
**James P. Smith**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 11 |
| | : | |
| TERI G. GALARDI, | : | Case No. 22-50035-JPS |
| Debtor | : | |
| | : | |
| THOMAS T. MCCLENDON AS | : | |
| LIQUIDATING TRUSTEE FOR THE | : | |
| GALARDI CREDITOR TRUST, | : | |
| Plaintiffs | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 23-5017-JPS |
| JENISEE LONG, DUDLEY LAW, LLC, | : | |
| THE LAW OFFICE OF ASTRID E. | : | |
| GABBE, P.C. | : | |
| Defendants | : | |

ORDER

Christopher Kosachuk ("Kosachuk") filed a motion to intervene asserting an assignment

of the claim of the Law Office of Astrid E. Gabbe, P.A. pursuant to an assignment agreement

dated December 1, 2023 (doc. no. 32 and exhibit 1 thereto.) However, pursuant to the Settlement

Agreement (doc. no. 661), approved by this Court by Order dated December 19, 2023 (doc. no.

691), Kosachuk agreed "... not to take any action or make any further filings in the Bankruptcy Court... which (a) may effect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement... Without limitation, the Party shall not file or take any further assignments of claim which are not of record as of the Gabbe Claim Objection Hearing." (Settlement Agreement, paragraph 18), defined as November 1, 2023 (Settlement Agreement, page 2). Since the alleged assignment was not of record on November 1, 2023, Kosachuk is barred from filing the claim.

In addition, on April 14, 2023, the Court entered an Order Confirming Joint Plan of Reorganization (doc. no. 410). Pursuant to the Confirmation Order the Liquidating Trustee was appointed to oversee the Galardi Creditors Trust for the benefit of unsecured creditors under class eight of the Plan. Section 3.1 of the Liquidating Trust Agreement created under the Plan provides : "Unless the Liquidating Trustee determines otherwise, Beneficial Interests in the Creditors Trust shall not be transferable." Paragraph 6.13 of the Plan does provide for assignment of Allowed Claims. However, Paragraph 6.4 expressly provides Paragraph 6.13 does not apply to claims to be reviewed by the Liquidating Trustee and paid through the Galardi Creditors Trust, all as provided in the Trust Agreement, unless expressly provided herein..." The claim which Kosachuk alleges has been assigned to him is a class eight unsecured claim. Since there is no evidence that the Liquidating Trustee has consented to its assignment, the assignment is not permitted. Accordingly, it is

ORDERED AND ADJUDGED

1. Kosachuk's assignment of claim is hereby disallowed.

2. Because Kosachuk has no interest in this adversary proceeding, his motion to intervene

is denied.

*END OF DOCUMENT*