## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| In re: | Case No. 22-50035-JPS |
| TERI G. GALARDI, | Chapter 11 |
| | JUDGE JAMES P. SMITH |
| Debtor, / | |
| THOMAS TO. MCCLENDON, AS, LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST, | Adv. No. 23-5017-JPS |
| Plaintiff, | |
| v. | |
| JENISEE LONG, DUDLEY LAW, LLC THE LAW OFFICE OF ASTRID E. GABBE, P.C. | |
| Defendants. / | |

**CHRIS KOSACHUK'S MOTION FOR REHEARING AND RELIEF FROM THE ORDER GRANTING MOTION TO CANCEL HEARING [DOC. 34], ORDER DENYING MOTION TO INTERVENE [DOC. 35] AND ORDER GRANTING MOTION TO DISMISS [DOC. 37] PURSUANT TO FRBP 9023 AND <u>9024 AND FED. R. CIV. P. 59 AND 60</u>**

Chris Kosachuk, ("Kosachuk"), *pro se*, files this Motion for Rehearing and Relief From Order Granting Motion to Cancel Hearing [Doc. 34], Order Denying Motion to Intervene [Doc. 35] and Order Granting Motion to Dismiss [Doc. 37] pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 59 and 60 of the Federal Rules of Civil Procedure ("FRCP"). Kosachuk respectfully states

I. **STATEMENT OF FACTS**

Ms. Gabbe is a Defendant in this interpleader action because she sought to enforce her uncontested attorney's charging lien from the case of *Darden et. al. v. Galardi*, Case No. 20-20592-CIV-SINGHAL [Doc. 104] against the interpleaded funds. Ms. Gabbe assigned her charging lien to Movant on December 1, 2023. [*Darden et. al v. Galardi*, Case No. 20-20592-CIV-SINGH Doc. 144]. There is no provision in the December 19, 2023 Settlement Agreement [Doc. 661] which prohibits Ms. Gabbe from assigning her charging lien and/or her rights to the interpleaded funds. This assignment does not affect disbursement or management of the Galardi Creditors Trust because Mr. McClendon filed this interpleader and therefore the funds are no longer subject to the Galardi Creditor Trust provisions, have already been earmarked for distribution through this interpleader and whether Ms. Gabbe or Movant receives the funds does not affect the Galardi Creditor Trust or its management. Moreover, Mr. McClendon never opposed the assignment and never filed any response to the Motion. Indeed, the Motion was not on the calendar to be heard at the March 11, 2024 hearing and the Court did not discuss it at all. Nobody was given notice or an opportunity to be heard on the Motion which clearly constitutes reversible error.

The Court mistakenly calls this a "claim" when in fact it is not a proof of claim but rather the resolution of the charging lien, which Mr. McClendon specifically asked this Court to do in Count II of the interpleader stating: "Federal Rule of Bankruptcy Procedure 700(1)(2) provides for an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property". [*See* Doc. 1. ¶35].

Ms. Gabbe's charging lien was of record as of November 1, 2023 and the post November 1, 2023 assignment is irrelevant as to the Court's analysis of the validity or assignability of the lien. The assignment does not affect the validity of the lien nor the Court's determination of same.

This is not an assignment of a "beneficial interest" but rather the payment of a lien as determined by this interpleader. Because the interpleader was filed, the provisions of the Galardi Creditors Trust no longer apply. Because Ms. Gabbe assigned her interest to Movant, he is the real party in interest.

At 9:49AM on March 14, 2024, Mr. McClendon filed a Motion to Dismiss [Doc. 36] and did not serve it upon undersigned. At 1:51PM, the Court summarily granted the Motion to Dismiss [Doc. 37]. There was no notice or opportunity to be heard and undersigned's rights have been completely trampled by this speedy dismissal. The Court previously stated that "It is better to go slowly and get it right". Now this Court has completely abandoned that notion and is speedily moving to dispense with hearings and opportunities to be heard.

## **MEMORANDUM OF LAW**

A motion to reconsider may be treated either as a motion to alter or amend the judgment under Rule 59(e), made applicable by Bankruptcy Rule 9023, or as a motion for relief from judgment under Rule 60(b), made applicable by Bankruptcy Rule 9024. *See* Fed. R. Bankr. P. 9023 (requiring motion to alter or amend a judgment under Rule 59(e) to be filed "no later than 14 days after entry of judgment").

Rule 60(b) provides that a party may be relieved from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered earlier with reasonable diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied,

released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The purpose of a Rule 60(b) motion is to give the district court an opportunity to "correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Williams v. Grady Mem'l Hosp.*, 691 F. App'x 599, 600 (11th Cir. 2017), citing *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986).

**Fed. R. Civ. P. 60(b)(1) - mistake, inadvertence, surprise, or excusable neglect - .**

Rule 60(b) allows this Court to "correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Williams, supra.* The obvious errors are that there is no prohibition on an assignment of a charging lien pursuant to the December 19, 2023 Settlement Agreement [Doc. 661] nor does it require Mr. McClendon's approval because the funds have already been designated to this interpleader.

Rule 60(b)(6) is a "catch-all provision" and the decision to grant or deny relief under this subsection is "inherently equitable in nature." *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83 (1st Cir. 2010) (citing *United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 25-26 & n.10 (1st Cir. 2006); *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19-20 (1st Cir. 1992)).

**WHEREFORE**, for the reasons set forth above, Mr. Kosachuk respectfully requests that the Court grant the Motion for Relief from the Order Granting Motion to Cancel the March 18, 2024 Hearing [Doc. 34], the Order Denying Motion to Intervene. [Doc. 35] and the Order Granting Motion to Dismiss [Doc. 37], set a deadline for Responses, if any, to the Motion to Intervene and if none are received grant the Motion to Intervene, and reset the March 18, 2024 evidentiary hearing for a future date with respect to the distributions on Ms. Long's claim pursuant to this adversary proceeding.

Respectfully submitted,

|  | Chris Kosachuk<br>*Pro Se Transferee of Interpleader Defendant of the Law Office of Astrid E. Gabbe*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 14th day of March 2024 a true and correct copy of foregoing was filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and served on non-record parties via email and/or regular mail by the undersigned.

|  | Chris Kosachuk<br>*Pro Se Transferee of Interpleader Defendant the Law Office of Astrid E. Gabbe*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## SERVICE LIST

**Via CM/ECF/EMAIL/FIRST-CLASS MAIL**

All parties of record

Jenisee Long
2107 A Center Street
Covington, Ky. 41014
longjenisee@gmail.com