UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FILED
U.S. BANKRUPTCY COURT
2024 MAR 29 PM 12:41
MIDDLE DISTRICT
OF GEORGIA
MACON

| | |
|---|---|
| In re: | Case No. 22-50035-AEC |
| TERI G. GALARDI, | Chapter 11 |
| Debtor, | |
| THOMAS T. MCCLENDON, as Liquidating Trustee for the Galardi Creditor Trust | Adv. No. 23-5017-AEC |
| Plaintiff, | |
| v. | |
| JENISEE LONG, DUDLEY LAW, LLC THE LAW OFFICE OF ASTRID E. GABBE, P.C. | |
| Defendants, | |
| CHRISTOPHER KOSACHUK | |
| Intervenor (pending) | |

### CHRIS KOSACHUK'S REPLY TO LIQUDATING TRUSTEE'S OPPOSITION TO MOTION FOR REHEARING AND RELIEF [DOC. 43]

Chris Kosachuk, ("Kosachuk"), *pro se*, files this Reply to the Liquidating Trustee's Opposition to Motion for Rehearing and Relief From Order [Doc. 43]. Kosachuk respectfully states:

1. Ms. Long has not opposed the relief requested herein and Mr. McClendon lacks standing as he claims no interest in the interpleaded funds and specifically asked this Court to

decide whom should receive the funds. He has repeatedly stated in open court that he "does not have a dog in this hunt". His lack of standing bars this Court from considering his opposition.

2. Even ignoring arguendo, the Liquidating Trustee's Opposition relies largely upon the November 19, 2023 Settlement Agreement, which specifically exempted the Long Interpleader from the no assignment provision. Paragraph 6 discusses the Long Interpleader and there is no prohibition on an assignment. Paragraph 10(f) also references the Long Interpleader and again no mention of any restriction on an assignment. As such the instant Motion should be granted.

3. Then the Liquidating Trustee's Opposition relies largely upon an affidavit of Astrid E. Gabbe, Esq, alleging that the undersigned committed forgery. If the Court wants to even consider such a scandalous and offensive allegation and affidavit as evidence, then the Court needs to order an evidentiary hearing where Ms. Gabbe must testify in person much like what the Court previously ordered to occur on March 18, 2024. Ms. Gabbe should not be permitted to make such patently false and offensive allegations without appearing in person before this Court as undersigned has done for every important hearing over the past six months.

4. As a reminder, Ms. Gabbe has received almost $300,000 in Galardi Creditors Trust distributions and never once appeared in person before this Court.

5. In fact, in order to receive those distributions undersigned routinely signed Ms. Gabbe's name and Mr. McClendon was well-aware of this fact.

6. By way of example, undersigned signed Ms. Gabbe's name to the November 19, 2023 Settlement Agreement pursuant to which Ms. Gabbe received over $100,000 in distributions from the Galardi Creditors Trust. Mr. McClendon knew that this happened as did

every signatory to the Settlement Agreement because PandaDoc recorded the time and IP address of each signatory.

7. Pursuant to the Settlement Agreement, Ms. Gabbe had to release charging liens and do other court filings. Undersigned drafted, signed Ms. Gabbe's name, filed these documents and circulated them to all including to Mr. McClendon.

8. Now it appears Ms. Gabbe and Mr. McClendon want to cherry pick an individual document and call it a forgery because it doesn't fit their new narrative. For the he Court to accept such an allegation, due process mandates an in person evidentiary hearing to present evidence to the Court to flush out the veracity of the alleged forgery.

9. That I adopt and incorporate by reference my affidavits filed in the main case, [Docs. 804 and 807] to address the signatures of Ms. Gabbe.

**WHEREFORE**, for the reasons set forth above, Mr. Kosachuk respectfully requests that the Court grant the Motion for Relief from the Order Granting Motion to Cancel the March 18, 2024 Hearing [Doc. 34], the Order Denying Motion to Intervene. [Doc. 35] and the Order Granting Motion to Dismiss [Doc. 37], set a deadline for Responses, if any, to the Motion to Intervene and if none are received grant the Motion to Intervene, and reset the March 18, 2024 evidentiary hearing for a future date with respect to the distributions on Ms. Long's claim pursuant to this adversary proceeding.

March 29, 2024                                        Respectfully submitted,

|  |  |
|---|---|
|  | Chris Kosachuk<br>*Pro Se Transferee of Interpleader Defendant*<br>*of the Law Office of Astrid E. Gabbe*<br>854 Pheasant Run Rd. |

|  | West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March 2024 a true and correct copy of foregoing was hand delivered to the Clerk who will electronically file it with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and served on non-record parties via email and/or regular mail by the undersigned.

|  | _[signature]_<br>Chris Kosachuk<br>*Pro Se Transferee of Interpleader Defendant the Law Office of Astrid E. Gabbe*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## SERVICE LIST

### Via CM/ECF/EMAIL/FIRST-CLASS MAIL

All parties of record

Jenisee Long
2107 A Center Street
Covington, Ky. 41014
longjenisee@gmail.com