### IN THE UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF GEORGIA MACON DIVISION

**FILED**
U.S. Bankruptcy Court
APR 1 6 2024
Middle District of Georgia

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>    **Debtor.** | **CHAPTER 11**<br><br>**CASE NO. 22-50035-JPS** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE FOR THE GALARDI CREDITOR TRUST,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**JENISEE LONG, DUDLEY LAW, LLC, THE LAW OFFICE OF ASTRID E. GABBE, P.C.**<br><br>    **Defendants.** | **ADV. PROC. NO. 23-05017-JPS** |

### UNSWORN DECLARATION OF JENISEE LONG UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. SEC. 1746

**1.**

My name is Jenisee Long. I file this declaration because I just learned to today, for the first time, that Mr. Christopher Kosachuk is trying to steal my claim through a fraudulent assignment and contract where someone has forged my signature and Ms. Gabbe's signature.

**2.**

This is the second time Mr. Kosachuk has tried to steam my claim, he and/or Ms. Gabbe claimed I consented to transfer my entire claim to Ms. Gabbe. Please see the fraudulent consent judgment they filed against me (EX "A"). At the time I had not spoken to Ms. Gabbe in almost 2 years. Fortunately the judge denied the consent motion. Had he granted the motion I am pretty

sure I would have lost the claim unless I hired an attorney to fight with Mr. Kosachuk, Ms. Gabbe and Mr. Orenstein. For example creditor Rasheedah Mays (claim no. 106) had to spend over $75,000 in attorney fees just to keep what was left of her claim from being stolen by Mr. Kosachuk acting through Ms. Gabbe and her attorney Mr. Jason Orenstein.

**3.**

I understand that Ms. Gabbe is now claiming that her attorney Mr. Orenstein committed the fraud and forged my signature but my fraudulent contract is still on the docket and has not been withdrawn and is being used as evidence by Mr. Kosachuk.

**4.**

Mr. Kosachuk has never served me any documents through the mail even though the certificates of service show the documents send to my house. I object to all the relief he is asking from this court and request immediate payment from the trustee.

**5.**

The contract that appears at Doc 31 (Document Page 43 of 52) (Case 23-05017-JPS) filed by Mr. Jason Orenstein that appears to show my signature is a forgery. I have never seen the contract and I have never signed the contract.

**6.**

Attached to this affidavit (Ex. "B") is a Georgia bar complaint submitted to the State Bar of Georgia, signed by Ms. Gabbe, and says that Mr. Orenstein, her lawyer, forged her signatures on the contracts, created fake emails and engaged in bankruptcy fraud.

**7.**

On March 13, 2024 the Court issued an order directing payment to me (Doc 811). The order has not been stayed and is now final. The motions filed by Mr. Kosochuk is essentially bankrpcty fraud and does not stay the order because he is not a creditor, not party in

interest, has no right to appeal anything and a criminal can never beneift from his crime.

I respectfully request immediate now.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON APRIL 10, 2024.

Jenisee Long
2107 Center Street,
Covington, KY 41014

*EXHIBIT "A"*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### Case No. 20-20592-CIV-SINGHAL-DAMIAN

PORSCHE DARDEN,
LONG *et. al*,

     Plaintiffs

v.

FLY LOW, INC. AND TERI GALARDI,

     Defendants

_____/

### UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT

COMES NOW, Plaintiff Jenisse Long, ("Long"), and Interested Party Astrid E. Gabbe, Esq., ("Ms. Gabbe"), (jointly "Movants") hereby move to approve a consent judgment on the uncontested attorney charging lien of Astrid E. Gabbe, Esq. (DE. [104]) and seek entry of a consent judgment with the following relief:

1.    The uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $134,341.54 (DE. [104]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case. Ms. Gabbe on behalf of Ms. Long claimed $383,832.96 were due and owing for violations of the Florida Minimum Wage Act. By operation of law, the uncontested attorney charging lien immediately attached to the $383,832.96 claim and created a superior lien in the recovery of such claim such that the attorney charging lien is paid in full before any payment is made on the recovery to Ms. Long.

2.    In effect, the interest created by a valid attorney's charging lien arises by operation of law when all of the requirements of such a lien are satisfied [which is the case here

of the uncontested charging lien (DE (104]) and is effective from the commencement of the

attorney's services in advance of any judicial action recognizing it. *See Weed v. Washington*, 242

F.3d 1320 (11th Cir. 2001) and *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA 1981).

     3.     However, to prevent a perverse outcome in a lesser recovery, Movants seek entry

of this Consent Judgment to participate in recovery pari-passu from the first dollar of recovery at

35% to Astid Gabbe up to $134,341.32 and 65% to Jenisse Long up to $249,491.64 from dollar

one.

     4.     Movants seek the immediate entry of the attached Consent Judgment authorizing

Ms. Gabbe to receive up to $134,341.32 and Ms. Long to receive up to $249,491.64, pari-passu

from the first dollar of recovery.

     5.     Upon entry of the Consent Judgment, undersigned counsel will file it with counsel

of record for the Liquidating Trustee of the Galardi Creditor Trust in the case of *In Re Galardi,*

Case No. 22-50035-JPS, so that Movants will both be paid directly from the Galardi Creditor

Trust pari-passu.

     6.     The Liquidating Trustee is also hereby authorized to distribute the entire claim to

Ms. Gabbe's trust account to be held in trust for Ms. Long only to be disbursed upon further

Motion to Approve Consent Judgment for Disbursement and corresponding Consent Judgment

on Disbursement.

     7.     Ms. Gabbe is also authorized to engage local or other counsel on behalf of Ms.

Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect on this claim

and hold the 65% interest in her attorney trust account only to be disbursed upon further Motion

to Approve Consent Judgment and corresponding Consent Judgment on Disbursemnet from this

Court.   This Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee

agreement with any attorney necessary and to agree to pay said attorney 10% of the aggregate

recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to be

disbursed by further order of this Court.

      8.    Counsel of record for the defendants, Dean Fuchs, has reviewed the Motion and

does not oppose the Motion.  Neither Ms. Galardi nor her counsel have any interest in the

Galardi Creditor Trust referenced in the Motion.

      WHEREFORE, Movants respectfully requests that the Court enter a Consent Final

Judgment granting the above relief.  Movants consent to the entry of the Consent Judgment by

the Magistrate Judge.

    Dated October 6, 2023             Respectfully submitted,

**Attorney for Plaintiff Jenisse Long**    **Attorney for Interested Party Astrid E. Gabbe, Esq.**

*/s/ Astrid E. Gabbe*                */s/ Astrid E. Gabbe*
Astrid E. Gabbe                 Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.    The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383           Florida Bar No. 635383
P.O. Box 4216                 P.O. Box 4216
Hollywood, FL 33083            Hollywood, FL 33083
Tel. (954) 303-9882             Tel. (954) 303-9882
Fax. (954) 983-1427            Fax. (954) 983-1427
astridgabbe@gmail.com         astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was filed with the Court's CM/ECF system which will automatically serve the foregoing document on all parties of record as indicated on the attached service list on this 6th day of October, 2023.

**Attorney for Plaintiff Alexis King**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## SERVICE LIST

***Served via CM/ECF***

All parties of record

***Served Via First-Class Mail***
Jenisse Long, 2107 Center Street, Covington, KY 41014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-20592-CIV-SINGHAL-DAMIAN**

ASTRID E. GABBE

     Plaintiff

v.

JENISSE LONG

     Defendant

_____/

## CONSENT JUDGMENT

THIS CAUSE has come before the court on the Unopposed Motion to Approve Consent Judgment (DE[113]), on the uncontested attorney charging lien (DE [104]) in favor of Astrid E. Gabbe and against Jenisse Long.  The Court having considered the motion and being otherwise advised, it is here by

    **ORDERED and ADJUDGED** that the Unopposed Motion to Approve Consent Judgment (DE [113]) is **GRANTED.**[1]  A Consent Judgment is entered in favor of Astrid E. Gabbe against Jenisse Long in the amount of $134,341.54.  It is further

    **ORDERED and ADJUDGED**  that the uncontested attorney charging lien of Astrid E. Gabbe, Esq. in the amount of $134,341.32 (DE [104]) is valid and enforceable with an effective and perfected date of February 10, 2020, the date on which Ms. Gabbe began representing Ms. Long in this case.   By operation of law, the uncontested attorney charging lien immediately attached to the $383,832.96 claim and created a superior lien in the recovery of such claim such

---

[1] This Order adopts the language and terms submitted by the parties' proposed consent judgment except for certain stylistic and editorial changes.

that the attorney charging lien is paid in full before any payment is made on the recovery to Ms. Long.

To be clear, the first $134,341.32 of this claim recovery must be paid to satisfy the attorney charging lien first before any recovery may be had by Ms. Long. The next $249,491.64 goes to Jenisse Long the owner of the claim which equals the total amount due of $383,832.96.   In the event of a lesser recovery Movants seek entry of this Consent Judgment to participate in recovery pari-passu at a rate of 35% to Ms. Gabbe and 65% to her client Ms. Long to avoid a perverse outcome under Florida Lien law whereby Ms. Gabbe would receive the majority of the recovery or more than her client Ms. Long.

This Consent Judgment also authorizes Ms. Gabbe to engage local or other counsel on behalf of Ms. Long to protect her rights in this claim and further authorizes Ms. Gabbe to collect on this claim and hold the 65% interest in her attorney trust account only to be disbursed upon further Motion to Approve Consent Judgment and corresponding Consent Judgment on Disbursemnet from this Court.  This Consent Judgment authorizes Ms. Gabbe to enter into a further contingency fee agreement with any attorney necessary and agree  to pay said attorney 10% of the aggregate recovery, the cost of which to be taxed 5% to Ms. Gabbe and 5% to Ms. Long only to be disbursed by further order of this Court.

DONE and ORDERED in Chambers, Fort Lauderdale, Florida this __th day of October 2023.


_____
RAAG SINGHAL
United States Magistrate Judge


Copies furnished counsel via CM/ECF

# STATE BAR OF GEORGIA

*EXHIBIT "B"*

### Office of the General Counsel

104 Marietta Street, N.W. • Suite 100 • Atlanta, Georgia 30303
(404) 527-8720 • (800) 334-6865

## IMPORTANT INFORMATION AND INSTRUCTIONS

**Notice:** If you are having difficulty contacting your attorney or obtaining documents from your attorney, you may wish to call our **Client Assistance Program** at **(404) 527-8759**. If your problem with the lawyer is a **fee dispute**, please call the **Fee Arbitration Division** of the State Bar at **(404) 527-8750**.

**Purpose of Grievance:** All lawyers must comply with the Georgia Rules of Professional Conduct. These rules describe a lawyer's obligation to clients, the courts, and the public in professional dealings. The purpose of the grievance process is to protect the public by disciplining lawyers who violate the ethics rules. Our office cannot consider complaints against judges acting in a judicial capacity.

**Procedure:** Our office begins an investigation when a grievance form is received. If it appears that there might be a violation, then a copy of the grievance is sent to the lawyer for a response. Once the lawyer responds to your grievance, you will have a chance to review the response and rebut what the attorney said. Do not expect an immediate response from us after we receive your rebuttal. You <u>will</u> receive a letter from our office when we complete our investigation. If, after receipt of the response and the rebuttal, the lawyer's conduct appears to violate ethical rules, we send the grievance file to a member of the State Disciplinary Board. The Board member will formally investigate the matter and report to the full Board for a decision. If no violations are discovered, then your complaint is closed, and you will receive a written explanation of the reasons why.

**Please Note:** Please understand that the Office of the General Counsel **cannot represent you, give you any legal advice, change the outcome of a court decision, or recover money for you**. There may be times when you feel that the attorney did not represent you in the best possible way and this resulted in an unfavorable outcome. The State Bar of Georgia cannot discipline an attorney for **faulty legal advice** (malpractice), an **unsuccessful trial strategy** or **ineffective assistance of counsel**. Therefore, if you think that the lawyer did not represent you correctly or adequately, you should consult with another attorney about your rights.

If you wish to file a grievance, please complete the form, sign and date it, make a copy for yourself and **return the original with your original signature to this office. If the form is not properly completed, it may be returned for correction.** Be aware that alleging conclusions without explaining facts that support the conclusions will result in either a request for additional information or a dismissal of the grievance.

- Only list one attorney per grievance. If you wish to file grievances against multiple attorneys, you will need to submit a separate complaint for each attorney.
- Do not submit medical records or documents with social security numbers.
- Do not mail in an original of any documents as we cannot return items submitted with your grievance to you.
- Notify our office of any change in your address, email address or phone number.
- Do not send CDs, DVDs or flash drives unless requested.
- Do not bind (staple or tape) any pages of the grievance.

Revised 2/26/24



# STATE BAR OF GEORGIA
## GRIEVANCE
## CONFIDENTIAL

**PLEASE TYPE OR PRINT LEGIBLY IN BLACK INK ONLY**
**DO NOT ALTER THIS FORM**

**YOUR NAME:** Astrid Gabbe

**MAILING ADDRESS:** PO Box 4216     Hollywood     FL     33083
<br>Street or P.O. Box     City     State     Zip

**YOUR EMAIL ADDRESS:** astridgabbe@aol.com

**YOUR PHONE NUMBERS:** (H/CELL) 954-303-9882     (W) 954-983-1427

**NAME OF THE ATTORNEY:** Jason Orenstein   bar#554302
<br>Fill out a separate form for each attorney. Do not list law firms.

**ADDRESS OF THE ATTORNEY:** 1922 Forsyth Street, Macon, GA 31201

DATE OF FIRST CONTACT WITH ATTORNEY: June 2023     DATE OF LAST CONTACT WITH ATTORNEY: March 12, 2024

DOES THIS ATTORNEY CURRENTLY REPRESENT YOU? YES ☒ NO ☐     WAS THIS YOUR ATTORNEY? YES ☒ NO ☐

IS YOUR CASE: CRIMINAL ☐ CIVIL ☒     CASE # In Re: Galardi 22-50035

COUNTY:_____ OR FEDERAL DISTRCIT: NORTHERN ☐ MIDDLE ☒ SOUTHERN ☐

**CLEARLY DESCRIBE YOUR COMPLAINT AND ATTACH SUPPORTING DOCUMENTS:**

1. My attorney forged my signature and my former clients signatures on 2 contracts without my knowledge or consent and filed it with the court on March 1, 2024. He also created a fake email from another party to myself that looks as though I recieved the contracts on January 15, 2020. I confirmed I never recieved the email and the other party confimred he never sent the email. The former clients confimred the signatures are forgeries. Contracts and email are atached as exhibits

2. Mr. Orenstein was terminated on March 4, 2024 for the above reasons but he refusing to withdraw from my case and to this day is still my attorney.

3. Without informing me he hired a private investigator to investigate a former client of mine and billed me $1,500 for the private investigator fee. See attached emails .

4. I filed an declaration witht the court informing the court of the unlawful actions my attorney took in my name, my attorney then theatened me and said the if I do not withdraw the declaration, and committ perjury, then terrible things would happen to me

If more space is needed, please attach other pages. **Please do not write on the back.**

**Return to:**     **State Bar of Georgia**
<br>**Office of the General Counsel**
<br>**104 Marietta St. NW, Suite 100**
<br>**Atlanta, GA 30303**

"I affirm that I have read and understand the information and instructions. The information I have provided here is true to the best of my knowledge."
<br>SIGNATURE: /s/ Astrid E. Gabbe, Esq.
<br>DATE: April 8, 2024

**OPTIONAL: PLEASE PROVIDE THE NAME AND PHONE NUMBER OF SOMEONE WE CAN CONTACT IF WE HAVE DIFFICULTY CONTACTING YOU.**

NAME OF CONTACT PERSON: Judi Dankert

PHONE NUMBERS OF CONTACT PERSON: (H) 954-330-6197     (CELL) _____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TERI G. GALARDI, | CASE NO.  22-50035-JPS |
| **Reorganized Debtor.** | |
| | |
| Astrid Gabbe, Esq., | |
| **Movant,** | |
| v. | CONTESTED MATTER |
| ALEXIS KING and RED SHIELD FUNDING, | |
| **Respondents.** | |

## <u>DECLARATION OF ASTRID GABBE, ESQ.</u>

1.  My name is Astrid Gabbe and I make this declaration under the penalty of perjury pursuant to 28 U.S.C. SEC. 1746.

2.  On March 1, 2024 my former attorney, Mr. Jason Orenstein, contacted me and requested access to my gmail email account and to my AOL email account.

3.  He said he wanted to look for the signed Alexis King contract.

4.  I said there was no Alexis King contract signed by me or Alexis King.

5. He said he wanted to look anyway.

6. After some reluctance, knowing the search would be futile, I gave Mr. Orenstein the passwords to my gmail and aol accounts.

7. The next day, Saturday, at approximately 10am I was contacted by Mr. Michael de Campo.

8. He was very upset and asked me why I created a fake Alexis King contract and fake email from him, Mr. de Campo, to myself that purportedly had the Alexis King contract and Jenisee Long contracts attached.

9. I said that I didn't know what he was talking about and to send me the documents.

10. He immediately sent the documents (DE 784) and I reviewed the Alexis King contract and knew that my signature was a forgery (DE 784 pg. 4-9). It was copied from another document I had signed for a legitimate reason in 2023 at the request of Mr. Chris Kosachuk.

11. I also never received the email allegedly sent from Mr. de Campo to me with the contracts attached (DE 784 pg. 10).

12. I believe Mr. Jason Orenstein created the fake contract between Alexis King and myself and also the fake email and then filed it with the Court.

13. At no time did Mr. Orenstein inform me of his plant to file a fraudulent Alexis King contract or to file a fraudulent email from Mr. de Campo to myself.

14. I terminated our attorney-client relationship for cause on March 4, 2024.

15. If called upon I will testify truthfully as to all matters in this declaration.

DATE: March 5, 2024

Signature: _____

Astrid E. Gabbe, Esq.

**Certificate of Service**

This is to certify that I have filed the foregoing **Declaration of Astrid Gabbe, Esq.** with the Court by ECF and when filed the Bankruptcy Court's ECF system that will notify all parties in interest that have made an appearance.

DATE: 03-07-2024

Signature: /s/ Joseph R. Guernsey

Joseph R. Guernsey
dba Red Shield Funding
4681 Carvel Ct.
Myrtle Beach, SC 29588
redshieldfunding@gmail.com
843-443-5224
Respondent

 **Gmail**                                                                Astrid Gabbe <astridgabbe@gmail.com>

---

# YOU HAVE BEEN TERMINATED FOR COMMITTING FRAUD
2 messages

---

**Astrid Gabbe** <astridgabbe@gmail.com>                                          Tue, Mar 12, 2024 at 9:56 AM
To: Jason Orenstein <jason@jmolaw.com>, Tom McClendon <tmcclendon@joneswalden.com>, Leon Jones
<ljones@joneswalden.com>

JASON:

YOU FORGED MY SIGNATURE ON 2 CONTRACTS AND I FIRED YOU ON MARCH 4, 2024.

WITHDRAW FROM MY CASE TODAY!

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

---

**Astrid Gabbe** <astridgabbe@gmail.com>                                          Tue, Mar 12, 2024 at 9:58 AM
To: "Astrid E. Gabbe" <astridgabbe@aol.com>
Cc: mjdecampo@protonmail.com


Sent from my iPhone

Begin forwarded message:

> **From:** Astrid Gabbe <AstridGabbe@gmail.com>
> **Date:** March 12, 2024 at 9:56:30 AM EDT
> **To:** Jason Orenstein <jason@jmolaw.com>, Tom McClendon <tmcclendon@joneswalden.com>, Leon
> Jones <ljones@joneswalden.com>
> **Subject: YOU HAVE BEEN TERMINATED FOR COMMITTING FRAUD**


[Quoted text hidden]

## Your services are terminated

From:   Astrid E. Gabbe (astridgabbe@aol.com)

To      ja  on@jmolaw com

Date:   Monday, March 4, 2024 at 11:46 AM EST

Ja  on Oren  tein

I have discovered that you forged my signature on the Alexis King contract. I am terminating your services and plan on reporting you to the Georgia Bar.

Sincerely,

Astrid E. Gabbe
The Law Office of A  trid E  Gabbe, P A
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882

This message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this e-mail message and are not the intended recipient, please contact the sender (by phone or reply e mail )and de  troy all copie  of the original me   age  Sent from AOL Desktop

Case 22-50035-JPS    Doc 784    Filed 03/01/24    Entered 03/01/24 21:33:43    Desc Main
Document    Page 18 of 39

## CONTRACT FOR SERVICES

**Client: Alexis King**
678-681-4397
alexisking717@icloud.com
January 2010- June, 2018
shifts a week 8pm – 6am
$200 a night tipouts.

Mailing Address:
1361 Arlene Valley Lane
Lawrencville, GA 30043
Lives in Miami now

**Attorneys:**  Astrid Gabbe Law. - Astrid Gabbe and all other associates of the firm ("the Law Firm").

You have retained the law firm above, attorneys at law, and the specific attorneys noted above to represent you in a civil action that consists of a proposed collective action lawsuit to be filed in the State Court of Florida, Miami-Dade County, against your employers Galardi South Enterprises, Inc., Galardi South Enterprises Consulting, Inc., Terri Galardi & Fly Low, Inc. doing business as King of Diamonds for violating the Florida Minimum Wage Act by improperly classifying you as an independent contractor instead of employee subject to minimum wage. The terms of this contract, inclusive of signatures, are set out below.

1.      You have retained Astrid Gabbe Law to represent you in this matter. They are authorized to negotiate any settlement on your behalf prior to the filing of any civil matter to pursue your administrative remedies and file any related state or federal claims as concerns violations of your rights under the Fair Labor Standards Act.

2.      You will be responsible for actual costs and expenses, including but not limited to, postage fees, court costs, witness fees, expert witness fees, medical record costs, deposition costs, computer research costs, investigative costs, long distance telephone and/or facsimile costs, filing costs, transportation and travel costs, out-of-town hotel expenses, and other like and similar costs. Any counsel of this firm is authorized to expend these costs as needed in your behalf by advancing such costs as is necessary. **There are no costs due at this time. All costs which are outstanding at the end of this representation shall be deducted from your net recovery at the time of the disbursement of any funds and shall not serve to reduce or lower any**

Case 23-95033-AFC Doc 84 Filed 04/16/24 Entered 04/16/24 15:06:44 Desc Main
Document Page 5 of 272

**compensation due to counsel. If there is no recovery of money in this matter there shall be no money due whatsoever by the client under this fee agreement.**

3.   Your assistance and cooperation is a material part of this Contract for Services. If at any time counsel make a determination that this cooperation is inadequate, or that a potential or actual conflict exists between you and counsel, or that the merits of the case or claim limit the right of recovery or prevent a recoverable likelihood of prevailing, then we have your consent to withdraw in a timely fashion, recognizing counsel's obligations under any rules of court and of the Florida Canons of Professional Conduct. Counsel may also choose to withdraw for any breaches of this contract for failure to timely pay any invoices or bills. Upon counsel's election to withdraw, you agree to cooperate in executing any necessary consent forms permitting voluntary withdrawal upon reasonable notice from counsel to you.

4.   Counsel are authorized to utilize the assistance of investigators, paralegal, law students, or associates licensed to practice law in Florida, in their sole discretion. Any costs incurred for such assistance will be billed as costs or fees, as is consistent with this contract.

5.   You understand that counsel cannot guarantee any particular outcome. Any discussion of the potential chances of a favorable negotiation or judgment is understood by you to be expressions of opinion by us and is not intended to guarantee or otherwise assert that you will or will not prevail in this matter. If at any time, counsel conclude that further prosecution of this matter is unwarranted, such that withdrawal is required or indicated, either by law or by fact, counsel may, in their sole discretion, withdraw from your further representation.

6.   **The parties agree to a contingent fee structure rather than a charge directly to the client of hourly rates for payment of services, unless counsel withdraws from your further representation, or you discharge counsel, in which case counsel has the option of seeking his fees pursuant to the provisions of paragraph 9 below.**

**The fee to be charged for work performed will be a contingency agreement whereby the contingency amount to be paid to this firm shall be 35% of the gross amount of any recovery.**

This contract does not obligate this firm to file or pursue a lawsuit, but, in the event this firm decides to do so, this contract will control this firm's compensation.

This contract also does not obligate the law firm to file and pursue any appeal of a verdict or judgment. Any such representation is subject to a separate contract and separate terms of compensation. Additional compensation is contemplated for any appeal of your matter, as the terms of compensation set out here are based upon work just at the trial court level.

7. The contingency amount set out above will be calculated as the greater of the following two alternatives in the event that you prevail on certain claim wherein there is a right to recover attorneys' fees under applicable statutory provisions. By this engagement agreement you agree that in the event that there is a separate award of attorney's fees, this firm's contingency fee shall be the greater of 35% of the combination of the amount awarded to clients and the amount awarded as attorneys fees. In other words these two awards will be added together and attorneys fee will be 35% of the combined number. Alternatively, attorneys may elect to accept 100% of the amount awarded as attorney's fees.

Any attorney fee award against the Defendants (or their counsel) for our time and costs of this case shall be utilized to repay and offset this firm's bill for time and costs expended in your behalf. Such awards are not a recovery to your benefit under this engagement agreement unless you have been paying this firm based on bills generated by the firm, and upon that event, your interest in that attorney fee award is limited to reimbursement of the actual fees or costs you have paid for which an award is granted and recovered.

8. In the event any recovery or settlement arises from any annuity or structured settlement, with any portion of the compensation to be paid or made available in the future, then the amounts due counsel under this contract shall be calculated by applying the contingency percentage(s) to the amounts or value of all current payments, less the allocation cash value of the annuity, by

establishing the cash value of such an annuity contract from a life insurance company having at least an A+ rating according to A.M. Best Company. Counsel shall have a right to current compensation based upon this formula and need not await receipt of any future annuity payments.

9.   In the event it becomes necessary for counsel to withdraw, or in the event you exercise any rights you may have to dismiss counsel, it is agreed that counsel retains an interest and the right to recover fees, which shall be calculated based upon a combined hourly and contingent fee structured, as described below, as well as to recover expenses.  This right is notwithstanding the right to compensation under any attorneys' fees statute and further, counsel's interest in any contingency recovery which shall be deemed to have vested by the expenditure of time under this contract. Such interest shall be regulated by the Code of Professional Ethics.

Counsel's interest shall be defined as a right to a pro rata share of any future contingency recovery.   The interest shall be calculated as follows:

The "gross attorneys' fee" shall be determined according to the percentages of your recovery, as outlined in this agreement, plus any award or separate calculation of hourly attorneys' fees. The law firm shall be entitled to that percentage of the gross attorneys' fee which represents their pro rata share of the total attorneys' fees, calculated on a "lodestar" basis, then accrued by all counsel. Such right is not reduced or diminished by any actions taken by subsequent counsel or any other contract you may sign as to this claim or claims. To more fully explain this, if you replace the undersigned counsel and sign a new contingency contract, your obligations to the undersigned do not end but continue as a property interest in any award, including any verdict, judgment, or sums paid pursuant to a settlement agreement in the claim or case, or in any related matter which impairs the claim or case. In addition, you acknowledge that by this contract, the undersigned have independent interests in petitioning for attorneys' fees even if they have been replaced, and you agree and permit them to so petition the court, without any diminution in the contingency amounts available to them or, alternatively, to the fee amount entitled to them based upon an hourly fee structure, or as described below, and without any challenge to their petition made by you or by any subsequent counsel of yours.

If you determine it necessary to terminate the undersigned then, in lieu of their retention of rights as described above, the undersigned may elect in their sole discretion, that you fully compensate them for any interests they have and for their time and efforts, by the payment to them of all fees earned, computed on an hourly basis of $450.00 per hour for attorneys' time, and a reasonable rate for paralegal time, for all time they have expended plus full payment of all costs incurred to date in your behalf. These hourly rates are chosen as rates reasonably within an available range of rates to resolve this impasse and to protect your interests. They are not identified as of rate counsel would seek from you or any quantum meruit claim or as a fee award from the court.

10.    If you accept a settlement offer which is not recommended by counsel, then counsel, in their sole discretion, may elect to take as their fees payment for all hours expended by them under this contract at their full hourly rates, in lieu of any contingency amounts. If you reject a settlement offer recommended by counsel, then counsel, in their sole discretion, may elect to take as fees, in lieu of payment for hours expended, 35% of the amount offered as settlement. Counsel retains this right as to that amount as alternative payment even if you thereafter dismiss the law firm as counsel or counsel withdraws.

11.    In the review and acceptance of a settlement offer, the Defendants, or their insurers, may attempt to require that you settle and resolve both your damage claim and the attorneys' fee and costs claim at the same time in a lump-sum settlement. If such an offer is made, counsel shall identify for you their accrued costs and their time multiplied by their hourly rate, so that you may evaluate the fees owed counsel in making your decision concerning the settlement offer. In any settlement, counsel shall be entitled to their full compensation, that is, compensation as identified as to time/rate and contingency amounts.

12.    The terms of this contract are severable. Should any term of this contract be held or declared unenforceable or invalid for any reason, then such a holding does not alter or impair any other obligation under this contract.

13.    In the event your account carries any balance for more than sixty (60) days the law firm will charge interest at the rate of 1% per month, applied to principal only.   This may or may not be reflected on your bills.   Failure to charge interest to you is not a waiver of that right as to the then-due amounts,

or any future amounts which may be incurred. This applies to all costs and to all vested fees or fees due and payable under this contract.

14. This contract is made in Dade County, Florida and by the terms of this contract, you hereby expressly and voluntarily consent to venue in Fulton County in the event there is ever any dispute over the terms of the contract or collection of the amount owed.

15. In the event interest is awarded for fees and/or costs and/or on the contingency award amount, such interest shall be allocated and paid to counsel on a pro rata basis, with counsel recovering interest on all items and amounts to which counsel receives payment or reimbursement under this contract.

16. In the event collection of a judgment extends over several events of collection, then as to each amount received, it shall be used first to pay all outstanding costs and expenses, and to be distributed between counsel and you on a pro rata basis.

I have read, understand, and agree to the foregoing terms of representation and the contractual relationship between the parties.

I have had the opportunity to review this contract. I have also been afforded the opportunity to have it reviewed by another attorney or adviser of my choice.

This contract amends and supersedes any other prior contract between client and counsel herein. I acknowledge and accept the terms of representation set forth herein.

This contract me be agreed to and accepted through email communication and such agreement and acceptance shall be considered and treated as if signed in person below.

_____   1/4/2020

Alexis King                 Date

Astrid Gabbe <astridgabbe@gmail.com>

## KING and LONG FEE AGREEMENT
1 message

**Michael** <Michael@consumerlaw.me>                                    Wed, Jan 15, 2020 at 10:09 AM
To: "Astrid E. Gabbe" <astridgabbe@aol.com>, Astrid Gabbe <astridgabbe@gmail.com>

The Long and King fee agreements are signed and attached.

Michael

**NOTE**: This message and any attachments from Minsk & Associates, LLP may contain
CONFIDENTIAL and legally protected information. If you are not the addressee and the
intended recipient, please do not read, copy, use or otherwise disclose this
communication to others. Also, please notify the sender by replying to the message, and
then delete it from your system. Thank you.

**IRS Circular 230 disclosure**: To ensure compliance with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter
addressed herein.

2 attachments

KOD signed - Jenisee Long.pdf
992K

Alexis King Signed FEE AGREEMENT.pdf
945K

## CONTRACT FOR SERVICES

**Client: Jenisee Long**
513-551-9825
longjenisee@gmail.com
January 2012- July 15, 2014
6 shifts a week 8pm – 6am
$200 a night tipouts.

Mailing Address:
2107 Center Street
Covington, KY  41014

**Attorneys:**  Astrid Gabbe Law - Astrid Gabbe and all other associates of the
firm ("the Law Firm").

You have retained the law firm above, attorneys at law, and the
specific attorneys noted above to represent you in a civil action that consists of a
proposed collective action lawsuit to be filed in the State Court of Florida,
Miami-Dade County, against your employers Galardi South Enterprises, Inc.,
Galardi South Enterprises Consulting, Inc., Terri Galardi & Fly Low, Inc. doing
business as King of Diamonds for violating the Florida Minimum Wage Act
by improperly classifying you as an independent contractor instead of
employee subject to minimum wage. The terms of this contract, inclusive of
signatures, are set out below.

1.      You have retained Astrid Gabbe Law to represent you in this matter. They
are authorized to negotiate any settlement on your behalf prior to the filing of
any civil matter to pursue your administrative remedies and file any related
state or federal claims as concerns violations of your rights under the Fair
Labor Standards Act.

2.      You will be responsible for actual costs and expenses, including but not
limited to, postage fees, court costs, witness fees, expert witness fees, medical
record costs, deposition costs, computer research costs, investigative costs,
long distance telephone and/or facsimile costs, filing costs, transportation and
travel costs, out-of-town hotel expenses, and other like and similar costs.
Any counsel of this firm is authorized to expend these costs as needed in your
behalf by advancing such costs as is necessary. **There are no costs due at
this time. All costs which are outstanding at the end of this
representation shall be deducted from your net recovery at the time of
the disbursement of any funds and shall not serve to reduce or lower any**

**compensation due to counsel. If there is no recovery of money in this matter there shall be no money due whatsoever by the client under this fee agreement.**

3. Your assistance and cooperation is a material part of this Contract for Services. If at any time counsel make a determination that this cooperation is inadequate, or that a potential or actual conflict exists between you and counsel, or that the merits of the case or claim limit the right of recovery or prevent a recoverable likelihood of prevailing, then we have your consent to withdraw in a timely fashion, recognizing counsel's obligations under any rules of court and of the Florida Canons of Professional Conduct. Counsel may also choose to withdraw for any breaches of this contract for failure to timely pay any invoices or bills. Upon counsel's election to withdraw, you agree to cooperate in executing any necessary consent forms permitting voluntary withdrawal upon reasonable notice from counsel to you.

4. Counsel are authorized to utilize the assistance of investigators, paralegal, law students, or associates licensed to practice law in Florida, in their sole discretion. Any costs incurred for such assistance will be billed as costs or fees, as is consistent with this contract.

5. You understand that counsel cannot guarantee any particular outcome. Any discussion of the potential chances of a favorable negotiation or judgment is understood by you to be expressions of opinion by us and is not intended to guarantee or otherwise assert that you will or will not prevail in this matter. If at any time, counsel conclude that further prosecution of this matter is unwarranted, such that withdrawal is required or indicated, either by law or by fact, counsel may, in their sole discretion, withdraw from your further representation.

6. **The parties agree to a contingent fee structure rather than a charge directly to the client of hourly rates for payment of services, unless counsel withdraws from your further representation, or you discharge counsel, in which case counsel has the option of seeking his fees pursuant to the provisions of paragraph 9 below.**

**The fee to be charged for work performed will be a contingency
agreement whereby the contingency amount to be paid to this firm shall
be 35% of the gross amount of any recovery.**

This contract does not obligate this firm to file or pursue a lawsuit, but, in the
event this firm decides to do so, this contract will control this firm's
compensation.

This contract also does not obligate the law firm to file and pursue any
appeal of a verdict or judgment. Any such representation is subject to a
separate contract and separate terms of compensation. Additional
compensation is contemplated for any appeal of your matter, as the terms of
compensation set out here are based upon work just at the trial court level.

7.   The contingency amount set out above will be calculated as the greater of the
following two alternatives in the event that you prevail on certain claim
wherein there is a right to recover attorneys' fees under applicable statutory
provisions. By this engagement agreement you agree that in the event that
there is a separate award of attorney's fees, this firm's contingency fee shall
be the greater of 35% of the combination of the amount awarded to clients and
the amount awarded as attorneys fees. In other words these two awards will
be added together and attorneys fee will be 35% of the combined number.
Alternatively, attorneys may elect to accept 100% of the amount awarded as
attorney's fees.

Any attorney fee award against the Defendants (or their counsel) for our time
and costs of this case shall be utilized to repay and offset this firm's bill for
time and costs expended in your behalf. Such awards are not a recovery to
your benefit under this engagement agreement unless you have been paying
this firm based on bills generated by the firm, and upon that event, your
interest in that attorney fee award is limited to reimbursement of the actual
fees or costs you have paid for which an award is granted and recovered.

8.   In the event any recovery or settlement arises from any annuity or structured
settlement, with any portion of the compensation to be paid or made available
in the future, then the amounts due counsel under this contract shall be
calculated by applying the contingency percentage(s) to the amounts or value
of all current payments, less the allocation cash value of the annuity, by

establishing the cash value of such an annuity contract from a life insurance company having at least an A+ rating according to A.M. Best Company. Counsel shall have a right to current compensation based upon this formula and need not await receipt of any future annuity payments.

9.   In the event it becomes necessary for counsel to withdraw, or in the event you exercise any rights you may have to dismiss counsel, it is agreed that counsel retains an interest and the right to recover fees, which shall be calculated based upon a combined hourly and contingent fee structured, as described below, as well as to recover expenses. This right is notwithstanding the right to compensation under any attorneys' fees statute and further, counsel's interest in any contingency recovery which shall be deemed to have vested by the expenditure of time under this contract. Such interest shall be regulated by the Code of Professional Ethics.

Counsel's interest shall be defined as a right to a pro rata share of any future contingency recovery.   The interest shall be calculated as follows:

The "gross attorneys' fee" shall be determined according to the percentages of your recovery, as outlined in this agreement, plus any award or separate calculation of hourly attorneys' fees. The law firm shall be entitled to that percentage of the gross attorneys' fee which represents their pro rata share of the total attorneys' fees, calculated on a "lodestar" basis, then accrued by all counsel. Such right is not reduced or diminished by any actions taken by subsequent counsel or any other contract you may sign as to this claim or claims. To more fully explain this, if you replace the undersigned counsel and sign a new contingency contract, your obligations to the undersigned do not end but continue as a property interest in any award, including any verdict, judgment, or sums paid pursuant to a settlement agreement in the claim or case, or in any related matter which impairs the claim or case. In addition, you acknowledge that by this contract, the undersigned have independent interests in petitioning for attorneys' fees even if they have been replaced, and you agree and permit them to so petition the court, without any diminution in the contingency amounts available to them or, alternatively, to the fee amount entitled to them based upon an hourly fee structure, or as described below, and without any challenge to their petition made by you or by any subsequent counsel of yours.

If you determine it necessary to terminate the undersigned then, in lieu of their retention of rights as described above, the undersigned may elect in their sole discretion, that you fully compensate them for any interests they have and for their time and efforts, by the payment to them of all fees earned, computed on an hourly basis of $450.00 per hour for attorneys' time, and a reasonable rate for paralegal time, for all time they have expended plus full payment of all costs incurred to date in your behalf. These hourly rates are chosen as rates reasonably within an available range of rates to resolve this impasse and to protect your interests. They are not identified as of rate counsel would seek from you or any quantum meruit claim or as a fee award from the court.

10.   If you accept a settlement offer which is not recommended by counsel, then counsel, in their sole discretion, may elect to take as their fees payment for all hours expended by them under this contract at their full hourly rates, in lieu of any contingency amounts. If you reject a settlement offer recommended by counsel, then counsel, in their sole discretion, may elect to take as fees, in lieu of payment for hours expended, 35% of the amount offered as settlement. Counsel retains this right as to that amount as alternative payment even if you thereafter dismiss the law firm as counsel or counsel withdraws.

11.   In the review and acceptance of a settlement offer, the Defendants, or their insurers, may attempt to require that you settle and resolve both your damage claim and the attorneys' fee and costs claim at the same time in a lump-sum settlement. If such an offer is made, counsel shall identify for you their accrued costs and their time multiplied by their hourly rate, so that you may evaluate the fees owed counsel in making your decision concerning the settlement offer. In any settlement, counsel shall be entitled to their full compensation, that is, compensation as identified as to time/rate and contingency amounts.

12.   The terms of this contract are severable. Should any term of this contract be held or declared unenforceable or invalid for any reason, then such a holding does not alter or impair any other obligation under this contract.

13.   In the event your account carries any balance for more than sixty (60) days the law firm will charge interest at the rate of 1% per month, applied to principal only.   This may or may not be reflected on your bills.   Failure to charge interest to you is not a waiver of that right as to the then-due amounts,

or any future amounts which may be incurred.   This applies to all costs and to all vested fees or fees due and payable under this contract.

14.   This contract is made in Dade County, Florida and by the terms of this contract, you hereby expressly and voluntarily consent to venue in Fulton County in the event there is ever any dispute over the terms of the contract or collection of the amount owed.

15.   In the event interest is awarded for fees and/or costs and/or on the contingency award amount, such interest shall be allocated and paid to counsel on a pro rata basis, with counsel recovering interest on all items and amounts to which counsel receives payment or reimbursement under this contract.

16.   In the event collection of a judgment extends over several events of collection, then as to each amount received, it shall be used first to pay all outstanding costs and expenses, and to be distributed between counsel and you on a pro rata basis.

I have read, understand, and agree to the foregoing terms of representation and the contractual relationship between the parties.

I have had the opportunity to review this contract. I have also been afforded the opportunity to have it reviewed by another attorney or adviser of my choice.

This contract amends and supersedes any other prior contract between client and counsel herein. I acknowledge and accept the terms of representation set forth herein.

This contract me be agreed to and accepted through email communication and such agreement and acceptance shall be considered and treated as if signed in person below.

_____   1/12/2020
Jehisee Long         Date

Astrid Gabbe <astridgabbe@gmail.com>

## KING and LONG FEE AGREEMENT

1 message

**Michael** <Michael@consumerlaw.me>                              Wed, Jan 15, 2020 at 10:09 AM
To: "Astrid E. Gabbe" <astridgabbe@aol.com>, Astrid Gabbe <astridgabbe@gmail.com>

The Long and King fee agreements are signed and attached.

Michael

**NOTE**: This message and any attachments from Minsk & Associates, LLP may contain
CONFIDENTIAL and legally protected information. If you are not the addressee and the
intended recipient, please do not read, copy, use or otherwise disclose this
communication to others. Also, please notify the sender by replying to the message, and
then delete it from your system. Thank you.

**IRS Circular 230 disclosure**: To ensure compliance with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter
addressed herein.

**2 attachments**

**KOD signed - Jenisee Long.pdf**
992K

**Alexis King Signed FEE AGREEMENT.pdf**
945K

 Gmail

Astrid Gabbe <astridgabbe@gmail.com>

---

## Fwd: Angela Milner

**A trid Gabbe**  a tridgabbe@gmail com                                    Tue, Feb 6, 2024 at 1 05 PM
To: "Astrid E. Gabbe" <astridgabbe@aol.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Jason Orenstein <jason@jmolaw.com>
> **Date:** February 6, 2024 at 12:48:00 PM EST
> **To:** Tom McClendon <tmcclendon@joneswalden.com>
> **Cc:** Astrid Gabbe <AstridGabbe@gmail.com>
> **Subject: Angela Milner**

Tom:

I hired a private investigator to locate and make contact with Angela Milner.  He was successful.  Chris met with Ms. Milner in Atlanta and ate dinner with her.  She advised that she is agreeable to Astrid receiving the 50/50 split, and that she just wants her portion of the money.  She says she was told by Ainsworth that she had to wait until 3/18 for her money, and that she didn't have to attend court that day.  She also had no idea she was subject to be deposed or subpoenaed or that she could receive her distribution this week.

Please reach out to her (she's your client too) to confirm all this and let her know when she can receive her money.  You can prepare a distribution letter consistent with the Settlement Agreement, or we can do a Consent Order.

Angela's number is 404-704-5819 and her email is  angelamilner35@gmail.com

Thanks,

Jason

## Fwd: Angela Milner

From:  Astrid Gabbe (astridgabbe@gmail.com)

To:    astridgabbe@aol.com

Date:  Wednesday, February 7, 2024 at 04:46 PM EST

Sent from my iPhone

Begin forwarded me   age

> **From:** Tom McClendon <tmcclendon@joneswalden.com>
> **Date:** February 7, 2024 at 4:27:57 PM EST
> **To:** Jason Orenstein <jason@jmolaw.com>
> **Cc** A  trid Gabbe   A  tridGabbe@gmail com  , Leon Jone    ljone  @jone  walden com  , Ain  worth Dudley <adudleylaw@gmail.com>
> **Subject: RE: Angela Milner**

Jason,

I am astonished that you would knowingly hire a private investigator to locate the client of another attorney and have Chris (whether as your agent or the agent of your attorney client) contact that client.

As an initial matter, you know from our prior discussions, I do not represent Angela Milner. I have not represented Ms  Milner since I became counsel for the committee of unsecured creditors. I have explained this to you before. To put in your email that Ms. Milner is my client is to ignore these prior communications (and bankruptcy law)

Back to the hiring of the private investigator and the assertion of a dinner between Chris Kosachuk and Angela Milner. You knew, and Chris knew, that Ainsworth has represented Ms. Milner in this bankruptcy case where these distributions are being made  You also knew, and Chris knew, that Astrid Gabbe did not and could not represent Ms. Milner in this bankruptcy case  Ms  Gabbe is not a Geogia attorney, she is not admitted to the Middle District of Georgia, nor did she ever apply for pro hac admission. There is no fair doubt that Ms. Milner is not represented by Ms  Gabbe in the bankruptcy case  In short, you knowingly and intentionally contacted a client of another Georgia attorney through Chris Kosachuk.

Furthermore, based on the facts asserted in your email, Chris Kosachuk knowingly solicited a breach of the attorney client privilege between Angela Milner and Ainsworth Dudley  This is repeatedly evidenced by your email. It doesn't get clearer than "she says she was told by Ainsworth "

If you want to contact Ms  Milner, you may do so through her attorney, Ainsworth Dudley, copied here. I am not going to be an intermediary, most especially after these recent actions.

Thomas T. McClendon, Esq.
Partner

Jones & Walden, LLC
699 Piedmont Ave, NE | Atlanta, GA 30308
(P) 404-564-9300 | (F) 404-564-9301 | tmcclendon@joneswalden.com

NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO
MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE
INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON
RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY
TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

**From:** Jason Orenstein <jason@jmolaw.com>
**Sent:** Tuesday, February 6, 2024 12:48 PM
**To:** 'Tom McClendon' <tmcclendon@joneswalden.com>
**Cc:** 'Astrid Gabbe' <astridgabbe@gmail.com>
**Subject:** Angela Milner

Tom:

I hired a private investigator to locate and make contact with Angela Milner. He was successful. Chris
met with Ms. Milner in Atlanta and ate dinner with her. She advised that she is agreeable to Astrid
receiving the 50/50 split, and that she just wants her portion of the money. She says she was told by
Ainsworth that she had to wait until 3/18 for her money, and that she didn't have to attend court that
day. She also had no idea she was subject to be deposed or subpoenaed or that she could receive her
distribution this week.

Please reach out to her (she's your client too) to confirm all this and let her know when she can receive
her money. You can prepare a distribution letter consistent with the Settlement Agreement, or we can
do a Consent Order.

Angela's number is 404-704-5819 and her email is  angelamilner35@gmail.com

Thanks,

Jason

 Gmail

Astrid Gabbe <astridgabbe@gmail.com>

## Galardi
2 messages

**Jason Orenstein** <jason@jmolaw.com>                                     Tue, Mar 12, 2024 at 11:21 AM
To: Astrid Gabbe <astridgabbe@gmail.com>

Astrid:

This is written is response to your emails below demanding that I withdraw, and seeking information about the
alleged "forged" contracts as if we haven't already talked about this ad nauseam over the past 9 months.

I have emailed and texted you on multiple occasions to advise that I have been reluctant to withdraw as your attorney
without actually speaking to you first.  I am not going to get into a back and forth over email when I don't know this is
you, and whether you are lucid.  Your behavior over the past 10 days justifies me to be very careful.  If this is you, then
you need to call me and I will immediately withdraw as your attorney.

Jason



Jason:

Where did you get the signed Alexis King and Jenissee Long contracts from that you filed with the court on March 1,
2024?

Where did you get the email from michael@consumerlaw.me to myself that says it has the signed King and Long
contracts attached?

I checked both my emails and this one is not there.  Where did you get it from?

Email is attached for you to review.

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882

**From:** Astrid Gabbe [mailto:astridgabbe@gmail.com]
**Sent:** Tuesday, March 12, 2024 9:57 AM
**To:** Jason Orenstein; Tom McClendon; Leon Jones
**Subject:** YOU HAVE BEEN TERMINATED FOR COMMITTING FRAUD


JASON:


YOU FORGED MY SIGNATURE ON 2 CONTRACTS AND I FIRED YOU ON MARCH 4, 2024.


WITHDRAW FROM MY CASE TODAY!

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882

Email: astridgabbe@gmail.com

---

**Astrid Gabbe** <astridgabbe@gmail.com>                                    Tue, Mar 12, 2024 at 12:08 PM
To: Jason Orenstein <jason@jmolaw.com>, Tom McClendon <tmcclendon@joneswalden.com>, Leon Jones
<ljones@joneswalden.com>

Jason:

I want to know where the King and Long contracts came from?

1. Who gave them to you?
2. when did they give them to you?
3. how did you receive the contracts you filed?

same for the email,

Jason you told me you wanted access to both my email accounts Friday morning on March 1, 2024 to look for contracts.
I gave you the passwords to both accounts if you recall.
On Friday night March 1, 2024 you filed the 2 contracts and email with the court.

Based on this I believe you made the fraudulent contracts and email.

Astrid E. Gabbe, Esq.

The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com

[Quoted text hidden]

Astrid Gabbe <astridgabbe@gmail.com>

## KING and LONG FEE AGREEMENT

1 message

**Michael** <Michael@consumerlaw.me>                          Wed, Jan 15, 2020 at 10:09 AM
To: "Astrid E. Gabbe" <astridgabbe@aol.com>, Astrid Gabbe <astridgabbe@gmail.com>

The Long and King fee agreements are signed and attached.

Michael

**NOTE**: This message and any attachments from Minsk & Associates, LLP may contain
CONFIDENTIAL and legally protected information. If you are not the addressee and the
intended recipient, please do not read, copy, use or otherwise disclose this
communication to others. Also, please notify the sender by replying to the message, and
then delete it from your system. Thank you.

**IRS Circular 230 disclosure**: To ensure compliance with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter
addressed herein.

2 attachments

**KOD signed - Jenisee Long.pdf**
992K

**Alexis King Signed FEE AGREEMENT.pdf**
945K

**PRIORITY MAIL EXPRESS®**

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

**FLAT RATE ENVELOPE**

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F July 2022
OD: 12 1/2 x 9 1/2

▲ PEEL FROM THIS CORNER

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**



RDC 07

31202

$30.45

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE ( )

Jenisee Long
210 SPA Center Street
Washington GA 41019
Georgia
513.551.9825

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED

TO: (PLEASE PRINT)    PHONE ( )

U.S Bankruptcy Court
Clerk Filing Desk Po box 1957
Middle District of Georgia
Macon, GA
31202

FILED
U.S Bankruptcy Court
APR 16 2024

**USPS TRACKING #**

EI 925 217 325 US

POSTAGE
PME 2-Day
CINCINNATI, OH
APR 13, 2024

R2305M145044-2

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 45209    Date Accepted (MM/DD/YY): 4/13/24    Scheduled Delivery Time    ☐ 10:30 AM ☐ 12 NOON

Weight: 11.09 lbs    Flat Rate ☐    Acceptance Employee Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY): 4/15/24    Time ☐ AM ☐ PM    Employee Signature    DH

Scheduled Delivery Date (MM/DD/YY): 4/15/24

Postage: $ 30.45
Total Postage & Fees: $ 30.45







LABEL 11-B, NOVEMBER 2023    PSN 7690-02-000-9996